THE STATE OF OHIO, APPELLEE, *v.* FORQUER, APPELLANT.

(No. 497—Decided March 13, 1944.)

*Mr. Herbert R. Freeman,* prosecuting attorney, for appellee.

*Messrs. Young & Young,* for appellant.

LLOYD, J. The defendant, F. W. Forquer, appellant herein, was found guilty by a jury in the Court of Common Pleas of a violation of Section 13043, General Code, as charged in the indictment returned against him by the grand jury; the offense charged therein being designated in the statute as "sodomy." Motion for a new trial was overruled and sentence imposed.

The act with which he was charged, as shown in the indictment, by the explanatory bill of particulars filed by the state at the request of the defendant and by the evidence presented by the state in support thereof at the trial, is known as cunnilingus, the participant with the defendant being a girl nine years of age. *State* v. *Besares,* 75 Utah, 141, 283 P., 738; *State* v. *Murry,* 136 La., 253, 66 So., 963.

Prior to 1885 there was no statute in Ohio creating the alleged crime. *Davis* v. *Brown,* 27 Ohio St., 326.

The statute passed on May 4, 1885 (82 Ohio Laws, 241), read as follows:

"Whoever shall have carnal copulation against nature, with another human being or with a beast, shall

be deemed guilty of sodomy, and shall, on conviction thereof, be imprisoned in the penitentiary not more than twenty years.''

On April 12, 1889, the statute was amended (86 Ohio Laws, 251) to read:

''Whoever shall have carnal copulation in any opening of the body, except sexual parts, with another human being, or with a beast, shall be deemed guilty of sodomy, and shall on conviction thereof be imprisoned in the penitentiary not more than twenty years.''

In the 1910 codification of the statutes, this statute was revised as Section 13043 of the General Code, to read:

''Whoever has carnal copulation with a beast, or in any opening of the body, except sexual parts, with another human being, shall be guilty of sodomy and shall be imprisoned in the penitentiary not more than twenty years.''

The statute as thus revised and numbered is now in force and effect.

The Ohio statute differs materially in phraseology from those of other states, cited to us by counsel, which make criminal the commitment of ''the crime against nature'' or, as in some, ''the abominable and detestable crime against nature with mankind or beast.'' The courts of the states having such statutes, construe them to be sufficiently broad in application to cover an act such as is under consideration in the instant case.

The Ohio statute is restrictive in application and definition, and does not include the words ''any crime against nature.'' The designation of the offense in the statute as sodomy adds nothing to the nature of the acts prohibited and made punishable thereby. What are the acts thereby proscribed? They are (1) carnal copulation with a beast, and (2) carnal copulation in

any opening of the body except sexual parts, with another human being.

The statute, being criminal, must be construed strictly according to its clear import and not, because of the disgusting and infamous nature of the act, as it may be thought it should be.

The court is constrained to hold that the alleged act of Forquer was not within the purport of the statute and that the judgment must be reversed and he be discharged. If the statute is to be broadened to include acts such as Forquer is charged with, it is the province of the General Assembly and not of the courts to make it so.

*Judgment reversed and defendant discharged.*

CARPENTER and STUART, JJ., concur.