## Commonwealth v. Burkett

*Ferdinand F. Bionaz,* for Commonwealth.

*John F. Horty, Eugene A. Creany* and *William G. Shahade,* for defendants.

GRIFFITH, J., October 15, 1956.—Defendants were tried separately and convicted of the crime of sodomy on the testimony of eye witnesses to their mutual act of perversion. At their respective trials, each defendant moved to quash the indictment and now moves for discharge and in arrest of judgment on the sole ground that the act of perversion in which they were engaged according to the testimony adduced by the Commonwealth was cunnilingus and that such an act does not constitute the crime of sodomy under our criminal statute.

The issue of penetration was left to the jury and was established by circumstantial evidence: Commonwealth v. Bowes, 166 Pa. Superior Ct. 625. Neither defendant denied the act but testified as to a complete lack of memory.

It has been held in several jurisdictions that in order to constitute the common law crime of sodomy the penetration of the anus by the male organ must be shown, although many of the earlier common law writers did not so limit the crime. Since the Act of July 16, 1917, P. L. 1000, as reenacted by The Penal Code of June 24, 1939, P. L. 872, sec. 501, 18 PS §4501, we need not be concerned with the common law definition of the crime since our statute is specific. Section 501 provides as follows:

"Section 501. Sodomy.—Whoever carnally knows in any manner any animal or bird, or carnally knows any male or female person by the anus or by or with the mouth, or whoever voluntarily submits to such carnal knowledge, is guilty of sodomy, a felony, . . . Any sexual penetration, however slight, shall be sufficient to complete the offense of sodomy."

Whether or not cunnilingus was included in the definition of sodomy at common law is not important. We believe section 501 of the Act of 1939 clearly includes such perversion in the crime of sodomy.

Defendants cite the case of Commonwealth v. Perrillo, 45 Luz. 32, where the court said that: "To 'carnally know' means sexual intercourse." Defendants suggest that the term "sexual intercourse" has always envisioned the use of the male sex organ. Likewise, "sexual intercourse" has also envisioned the use of the female sex organ. It is obvious, therefore, that the legislature did not use the phrase "carnally knows" in the sense of sexual intercourse which requires the use of the sexual organs of both sexes for this type of copulation is the natural sexual act. In the Perrillo case it is conceded that fellatio is prohibited by the statute. That concession admits that the phrase "carnally knows" includes more than normal sexual intercourse because fellatio is the union of the male organ with the mouth and does not involve the sexual organs

of both sexes. "Carnal knowledge" of course includes sexual intercourse, but it includes more.

"It is true that carnal knowledge includes sexual intercourse . . . But clearly that is not all that the term 'carnal knowledge' includes. It is our opinion that sodomy may not be committed without experiencing carnal knowledge of the victim. (8 R.C.L. 335, §366). The word 'carnal' is derived from the Latin word meaning flesh. It is defined in the New Universities Dictionary at page 137, as: 'Pertaining to the body, its passions and its appetites; animal; fleshy; sensual; impure' ": People v. Battilana, 52 Cal. App. 2d 685, 126 P. 2d, 923, 928.

"Carnally" is defined in Webster's New International Dictionary as follows: . . . "in a manner to gratify animal appetites or lusts": 12 C. J. S. 1151. In this sense defendant, Burkett, had carnal knowledge and defendant, Yingling, "voluntarily submitted to such carnal knowledge" and we believe this is the sense of the statute. The expression of the court in the Perrillo case was dicta only for that was a trial by the court without a jury and the court rendered a verdict of "not guilty" because of "being in serious doubt as to what actually transpired". Morover, the proof in that case was merely that the mouth had been pressed against the private parts of the female. Whether the pressing of the mouth up against the female's sex organ constitutes the crime of sodomy or whether such an act even constitutes the act of cunnilingus we need not here determine. In this case the question of the penetration of the female's sex organ by the mouth or tongue was specifically left to the jury.

Defendants contend that the reference in section 501 to sexual penetration refers only to penetration by the male sex organ. With this contention we do not agree. Section 501 says: "Whoever carnally knows in any

manner . . . any . . . female person by the anus or by or with the mouth . . ." It will be noted that, to constitute the crime of sodomy under our statute, the female person must be carnally known "by" the anus but she may be known "by or with" the mouth and such knowledge may be "in any manner". In view of the precision of the statute we are satisfied that the sexual penetration referred to includes penetration of the female organ "with" the mouth. It is earnestly contended that if the legislature had intended to include the act of cunnilingus within the sodomy statute, it would have covered all acts of cunnilingus rather than only the act which involved penetration. The legislature might well have prohibited the mere pressing of the mouth against the female sexual organ without penetration. Whether they did so we need not now determine for in this case penetration was involved.

Our attention has been called to the fact that in several States the courts have refused to declare cunnilingus a crime under their sodomy statutes. In each of these cases, however, the decision was based on the particular statute involved which was not in any instance similar to the Pennsylvania statute. For example in State v. Forquer, 74 Ohio App. 293, 58 N.E. 2d 696, the Ohio statute was not similar to ours. In Garrad v. State, 194 Wis. 391, 216 N.W. 496, 497, the statute provided: "Said crime may be committed by the penetration of the mouth of any human being *by the organ of any male person* . . .". In that case the statute specifically required the use of the male organ. In State v. Murry, 136 La. 253, 66 So. 963, the statute did not define the crime of sodomy but merely prohibited "crimes against nature". However, in another jurisdiction, and more recently, where the statute merely prohibited "crimes against nature", the court found that cunnilingus was included within the sodomy statute and said: "The same reasoning that would include

fellatio within 'the crime against nature' impels us to interpret the phrase as including cunnilingus": State v. Townsend, 145 Me. 384, 71 A. 2d, 517 (1950).

So far as the court or counsel, and they have all filed able and comprehensive briefs on this subject, have been able to ascertain, only two cases which of a certainty involved the act of cunnilingus have been before the appellate courts in Pennsylvania. In Commonwealth v. Donahue, 136 Pa. Superior Ct. 306, defendant, Catherine Donahue, was convicted on a charge of sodomy for permitting a male person to penetrate her sexual organ with his tongue. An appeal was taken by defendant on the ground that penetration may not be shown by circumstantial evidence. The conviction was affirmed.

In Commonwealth v. Bowes, 166 Pa. Superior Ct. 625, the question before the court was whether the element of penetration may be established by circumstantial evidence where the position of the parties has been proved. The court held that the circumstantial evidence was sufficient and affirmed defendant's conviction. The question of whether the act of cunnilingus was sufficient to constitute the crime of sodomy was not specifically discussed by the court. The court said, however: "The perversion committed by the defendant was cunnilingus, . . . The defendant had committed a well-known type of perversion and the jury was quite justified in finding that the position he was in was circumstantial proof of penetration."

Of course, as defendants point out, a criminal statute must be strictly construed. But we are not required to hold its words to "their narrowest meaning or that the lawmaker's evident intent must be disregarded": Commonwealth v. Mason, 381 Pa. 309, 312; Commonwealth v. Aikens, 179 Pa. Superior Ct. 501, 506.

We, therefore, enter the following

*Decree*

And now, October 15, 1956, at 10 a. m., each of defendants' motions to quash the bills of indictment and in arrest of judgment are severally overruled and defendants are required to present themselves for sentence before the court on Monday, October 29, 1956, at 1:30 p. m.