No. 13,636.

STATE OF LOUISIANA VS. ROBERT EVANS.

SYLLABUS.

Documents not annexed to a bill of exceptions and identified therewith in some legal way, will not be examined or considered on appeal.

The province of the motion in arrest of judgment is to assign some error patent on the face of the record, or some radical defect in it. The mere suggestion of an alleged incompatibility between the averments of the indictment and the testimony adduced on the trial is not good ground to be assigned in a motion in arrest.

A PPEAL from the Twelfth Judicial District, Parish of De Soto— Lee, J.

*Walter Guion,* Attorney General, and *Amos L. Ponder,* District Attorney, (*Lewis Guion,* of Counsel), for Plaintiff, Appellee.

*Egan & Pegues* for Defendant, Appellant.

The opinion of the court was delivered by

WATKINS, J. The indictment of Robert Evans recites, that he did feloniously, fraudulently offer, alter, dispose of, put off and publish as true, a certain order for the payment of money, being for the sum of one hundred and forty-nine cross-ties, valued at ten dollars, drawn on J. A. Isgate, and purporting to be signed by C. S. Youngblood, with the felonious intent to defraud, etc.

He was tried by a jury, found guilty as charged, and sentenced to the penitentiary for three years. The case comes up on a bill of exceptions, motion in arrest and motion for a new trial.

The bill of exceptions sets out "that on the trial of the case that " defendant objected to the admission of the alleged forged instrument, " because the indictment charges accused with altering an order, and " the instrument offered is not an order, but a statement; that the in- " dictment charges that the instrument altered purports to be signed by " C. S. Youngblood, when in fact it does not purport to be signed by " any one; that the indictment charges the altering of a certain order " for the payment of money and the instrument offered is not an order " for the payment of money, but simply an unsigned statement that

" one hundred and forty-nine cross-ties gotten out by Robert Evans had " been taken up by Mr. Youngblood."

The trial judge assigned no reasons for his declining to sustain the defendant's objections; and no part of the testimony is annexed to the bill of exceptions—not even the *order*—or statement which is alleged to have been uttered or published as true, though fraudulent.

There are two papers, apparently in the original, which are pasted into the transcript, but same are in no manner identified with certain documents that are alleged in the bill of exceptions, to have been admitted in evidence over his objection or exception. These papers do not bear any evidence of having been filed by the clerk on the trial, and same were not copied into the transcript, and no blank space is left in the transcript opposite where same are pasted in it.

Their presence in the transcript is in no way accounted for or explained.

By this statement, we do not intend to attach any fault or blame to counsel on either side; it is a fault, doubtless, if fault there be, that is attributable to the clerk or some amanuensis of the clerk in hastily preparing the transcript.

As said papers are not properly brought to the attention of the court in any legal way, no consideration can be given to them.

As this objection stands upon the statement of counsel alone, as above recited, we cannot undertake to alter the ruling of the trial judge.

The motion in arrest assigns "that the indictment against him in this case charges him with uttering an order, when indeed and in fact the instrument offered and alleged to have been uttered is not an order; that the indictment charges the defendant with having uttered an order purporting to have been signed by C. S. Youngblood, when in fact the instrument offered does not purport to be signed by any one," etc.

The judge assigns no reason for overruling this motion, but from simple inspection, it raises the question of incompatibility between the charge of the indictment and the testimony that was admitted under it.

That is not the province of the motion in arrest. It must assign some error patent on the record, or some radical defect in it.

The motion was properly overruled.

Judgment affirmed.

Rehearing refused.