PROVOSTY, J.
The accused was convicted, and sentenced to seven years at hard labor, upon tne following indictment:
“That one Louis Long, at the parish of St. Mary, State of Louisiana, on or about the 13th day of November, 1912, in and upon one Lionell Batterbee did feloniously, wickedly, and diabolically, and against the order of nature, have a venereal affair with said Lionell Batterbee, and did then and there take and put into the mouth of him, the said Louis Long, the sexual organ of him, the said Lionell Batterbee.”
This indictment is based upon Act 69, p. 101, of 1896, reading as follows:
“Whoever shall be convicted of the detestable and abominable crime against nature committed with mankind or with beast with the sexual organs, or with the mouth, shall suffer imprisonment at hard labor for not less than two years and not more than ten years.”
Accused moved to quash the indictment on the ground that it did not charge any crime known to the law. The argument is that the above-transcribed statute does not declare what acts shall constitute the crime against nature which it denounces, and that recourse must be had to the common law for the definition of said crime, and that, when this is done, it is found that the acts alleged in said indictment do not constitute said crime; the said definition being, as follows:
Bussell on Crimes, p.'937:
“Sodomy consists in a carnal knowledge committed against the order of nature by man with man, or in the same unnatural manner with woman, or by man or woman in any manner with beast.”
Archbold, Crim. Pr. & Pl. (8th Ed.) vol. 1, p. 1015:
“Sodomy consists in a carnal knowledge committed against the order of nature by man with man, or in the same unnatural manner with woman, or by man or woman in any manner with beast. The act must be in that part of where sodomy is usually committed. The act in a child’s mouth does not constitute the offense.”
25 Am. and Eng. Ency. of L. (2d Ed.) 1144:
“Sodomy is defined as a carnal knowledge committed against the order of nature by man with man, or in the same unnatural manner with woman, or by man or woman in any manner with beast.
“While the terms sodomy, buggery, and the crime against nature are sometimes used as synonymous, they are distinguished. Strictly speaking, sodomy is the crime when committed between two human beings, while buggery is the same offense committed by a man with a beast.”
Bouvier’s Law Diet. Yo. “Sodomy”:
“A carnal copulation by human beings with each other against nature, or with a beast. See 2 Bish. Cr. Law, §§ 1191-1196. It may be committed between two persons both of whom consent, even between husband and wife. * * * Penetration of the mouth is not sodomy. Buss. & By. 331.”
Stephens’ Dig. Cr. Law. art. 168, p. 115, “Sodomy”:
“Everyone commits the felony called sodomy, and is liable upon conviction thereof. * * *
“Who:
“(a) Carnally know any animal; or,
“(b) Being a male carnally know any man or any woman (per anum). * * * ”
Clark and Marshall’s Law of Crimes, § 461, “Sodomy”:
“Sodomy or buggery, which is sexual connection by a man or woman with a brute animal, or connection (per anum) by a man with another man, or with a woman, is a felony at common law. It is spoken of by the courts and by the statutes as “the unnatural crime” or “the crime against nature.”
Precisely the same question here raised was considered by this court in the case of State v. Vicknair, 52 La. Ann. 1921, 28 South. 273, and was decided adversely to the present contention. The learned counsel- for accused recognized this, but criticises that decision. And the criticism is not without justification to some extent, for there can be no denying that said statute becomes definite only when the common law defini *583 tion of the crime against nature is read into it, and there can also be no denying that when this is done this statute makes strange reading. Thus, reading into it the definition from Clark and Marshall, supra, we have the following:
“Whoever shall be convicted of the crime against nature or sodomy or buggery, or, in other words, of sexual intercourse by a man or a woman with a brute animal, or connection per anum by a man with another man or with a woman, with the sexual organ or with the mouth, shall be punished.”
It is thus seen that, as thus amplified, or supplemented, the statute, as applicable to the facts of this case, reads:
Whoever shall commit sodomy per anum with the mouth. A thing manifestly impossible. But while this is true it is also true that, time and again at common law the contention had been made, beginning with Rex v. Samuel Jacobs (1817) Russel & Ryan’s Crown Cases, 331, that the lascivious insertion of the male sex organ into the mouth of another person constitutes said crime. And that although the courts had found themselves compelled to reject the contention — tied down as they were by the history of said crime, going back to the days of the city that gave it its name, and by precedent —they had done so reluctantly. Thus, in the case of Com. v. Poindexter, 133 Ky. 722, 118 S. W. 944, the Supreme Court of Kentucky said:
“After thus considering the derivation and meaning of the word ‘sodomy,’ it remains to be seen whether the form of carnal copulation adopted by the appellees, viz._, penetration of the mouth, constitutes sodomy in the meaning of the law. With one accord the authorities hold that it does not. * * * It is to be hoped, however, that the Legislature will by proper enactment make such an infamous act as that of which appellees confess themselves guilty a felony and punishable as such.”
In the light of this history of the law of this crime this court had, in the Vicknair Case, to take the meaning of the said statute to be the same as that explicitly expressed in the statute passed in Wisconsin for the same purpose, which reads as follows:
“Any person who shall commit' sodomy, or the crime against nature, with mankind or beast, shall be punished by imprisonment in the state prison not more than five years nor less than one year. Said crime may be committed by the penetration of the mouth of any human being by the oi'gan of any male person, as well as by the penetration of the. rectum. Proof of emission shall not be required.”
This statute is explicit as to what shall constitute sodomy by the mouth. Our Act 69 of 1896 is not thus explicit; but it practically becomes equally so, and has precisely the same meaning, when read in the light of the common law, and of the history of the crime of sodomy at common law.
Judgment affirmed.
BREAUX, C. J. I concur in the decree.