(66 South. 963)

No. 20779.

STATE v. MURRY.

(Dec. 14, 1914.)

*(Syllabus by the Court.)*

1. CRIMINAL LAW ⬤⟿593—APPEAL—DISCRETIONARY RULING—CONTINUANCE.

A motion for a continuance, based upon the absence of one and the want of preparation of another of the defendant's attorneys, when he is also represented by a third attorney, is addressed to the discretion of the trial judge, and his refusal to grant the continuance will not be interfered with.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1320; Dec. Dig. ⬤⟿593.]

2. SODOMY ⬤⟿1 — PLEADING AND PROOF — "BUGGERY"—"CRIME AGAINST NATURE."

Under an indictment or a bill of information charging that the defendant committed the crime of "buggery," evidence is not admissible to prove that he committed a "crime against nature" that was not within the common-law definition of the crime against nature denounced by section 788 of the Revised Statutes before it was amended by Act No. 69 of 1896.

[Ed. Note.—For other cases, see Sodomy, Cent. Dig. §§ 1, 2; Dec. Dig. ⬤⟿1.

For other definitions, see Words and Phrases, First and Second Series, Buggery; Crime Against Nature; Sodomy.]

Appeal from Twelfth Judicial District Court, Parish of Vernon; John H. Boone, Judge.

George W. Murry was convicted of buggery, and appeals. Reversed and remanded.

W. R. Percy, of Minden, and Cline, Cline & Bell, of Lake Charles, for appellant. R. G. Pleasant, Atty. Gen., and Wm. M. Lyles, Dist. Atty., of Leesville (G. A. Gondran, of New Orleans, of counsel), for the State.

O'NIELL, J. The defendant was prosecuted and convicted under a bill of information charging:

"That George W. Murry, * * * in and upon [name], a boy about the age of 12 years, then and there being, feloniously did make an assault, and then and there feloniously, wickedly, and diabolically and against the order of nature, had a venereal affair with, and carnally knew, the said [name of boy], and then and there feloniously, wickedly, diabolically, and against the order of nature, with the said [name of boy], did commit and perpetrate the detestable and abominable crime of buggery (not to be named among Christians, to the great displeasure of Almighty God), contrary to the form of the statute of the state of Louisiana, in such case made and provided, and against the peace and dignity of the same."

He has appealed from the verdict of guilty and a sentence of imprisonment in the state penitentiary for the term of six years.

[1] The first bill of exceptions was reserved to the ruling of the court denying the defendant a continuance or postponement of the trial. On the 26th of May, the case was fixed for trial for the 3d of June; on the 1st day of June, it was reassigned to the 4th. When it was called up for trial, the defendant's counsel moved for a continuance on the ground that one of the attorneys could not be present, and that another, who arrived in the town where the trial was had 2 days before the trial, had not had sufficient time to prepare the defense. The defendant was also represented by a local attorney who had been appointed by the court more than 10 days before the trial, which was reassigned to the 5th of June. He was represented by two attorneys at the trial.

Motions for continuance based upon the absence or want of preparation of one of the defendant's attorneys, when he is represented also by others, are addressed to the discretion of the trial judge, and his exercise of that discretion will not be interfered with when it does not appear that it was abused. State v. Perry, 51 La. Ann. 1077, 25 South. 944.

The second bill of exceptions was reserved to the ruling of the trial judge, overruling an objection by the defendant's counsel to the testimony of the boy named in the bill of information, that the crime was committed by the defendant forcing the boy to receive the sexual organ of the accused into the boy's mouth. The objection was twofold: (1) That the bill of information did not charge any crime under the law of this state; and (2) that the testimony or proof did not correspond with the averments of the bill of information.

It is not stated, in this bill of exceptions, that the witness gave the testimony anticipated and objected to, further than that the objection was overruled, from which it might be assumed that the evidence was admitted. Nor does the trial judge deny, in the state-ment per curiam in this bill, that the testimony given by the prosecuting witness was as anticipated and recited in the objection. On the contrary, in his statement per curiam in another bill of exceptions, the trial judge says that the crime was committed in the boy's mouth, and that the proof of it consisted of the testimony of the boy and of another witness who saw the defendant in the act, these two being the only witnesses against the accused.

This objection to the proof of a crime against nature, committed in a manner different from that charged in the bill of information, was urged when the first witness, the prosecuting witness, was put upon the stand, and before any evidence was introduced. And the bill of exceptions recites that the objection was made as a general objection to apply to any and all such proof or testimony by or from any and all witnesses, and that this general objection was overruled for the reasons given by the judge.

These recitals in the bill of exceptions, taken in connection with the statement per curiam in the other bill that the proof was that the crime was committed in the boy's mouth, supply the omission of the statement from the second bill of exceptions, and present the fact clearly to this court that the testimony objected to was actually given to the jury.

[2] The third and last bill of exceptions presents precisely the same issues as are contained in the second bill. The third bill was reserved to the overruling of the defendant's motion in arrest of judgment, and it sets forth precisely the same objections as are contained in the second bill. The objection that the proof was at variance with the allegations of the indictment or bill of information is not properly tendered in a motion in arrest of judgment, which can only be founded upon an error patent on the face of the record. State v. Crawford, 32 La.

Ann. 526; State v. Evans, 104 La. 343, 29 South. 112; State v. Pellerin, 118 La. 548, 43 South. 159. The objection that the bill of information does not charge the commission of any crime, which objection, if well founded, would have been properly urged in the motion in arrest of judgment, may be disposed of by the statement that the bill of information charges the commission of the common-law crime against nature known as "buggery.". In the case of State v. Williams, 34 La. Ann. 87, decided before the adoption of Act No. 69 of 1896, it was said:

"The requirements of the common-law indictment in describing the offense, including its additional qualification as 'buggery,' are fully complied with."

As is said in the brief of the counsel for the state, the form of the bill of information in this case was copied verbatim from Bishop's Forms, p. 547, Bishop's Criminal Practice (4th Ed.) vol. 2, § 1013.

The objection, properly presented by the motion in arrest of judgment and in the third bill of exceptions, that the bill of information does not charge the commission of any crime is therefore without merit; and the issue improperly presented in this motion and bill of exceptions, that is, whether testimony was admissible to prove that the statutory crime against nature was committed with the sexual organ of the accused in the mouth of the prosecutor, under a bill of information charging the commission of the common-law crime against nature known as "buggery," is properly presented for our consideration in the second bill of exceptions, and it is the only serious question to be decided.

The only reason assigned by the trial judge for overruling the defendant's general objection to the admission of testimony or proof at variance with the allegations of the bill of information is the statement per curiam in the second bill of exceptions, viz.:

"The bill of information, to the mind of the court, substantially sets forth the crime against

nature according to the requirements of the statute."

The common-law crime against nature was originally denounced by the law of this state by section 2 of Act No. 50, approved May 4, 1805, entitled "An act for the punishment of crimes and misdemeanors." This section was reproduced as section 5 of Act No. 120 of 1855, and was adopted as section 788 of the Revised Statutes of 1870, viz.:

"Whoever shall be convicted of the detestable and abominable crime against nature, committed with mankind or beast, shall suffer imprisonment at hard labor for life."

This section of the Revised Statutes was amended and re-enacted in Act No. 69 of 1896 so as to read as follows:

"Whoever shall be convicted of the detestable and abominable crime against nature committed with mankind or beast with the sexual organs or with the mouth, shall suffer imprisonment at hard labor for not less than two years and not more than ten years."

The only amendments made by the statute of 1896 are the addition of the phrase, "with the sexual organs or with the mouth," and the reduction of the term of imprisonment from life to a term not less than 2 nor more than 10 years.

In the Williams Case above referred to, where it was contended by the defendant, before the amendment of section 788 of the Revised Statutes, that this section, denouncing "the abominable and detestable crime against nature, committed with mankind or beast," did not define a crime or describe any crime known to the common law, it was said:

"The books satisfy us that the crime referred to by the statute is known in the common law by the convertible and equivalent names of 'crime against nature,' 'sodomy,' and 'buggery.' Bishop, Cr. Law, § 503; 4 Blackstone's Com. p. 214; Bouvier's and Abbott's Law Dictionaries, verbis, 'crime against nature,' 'sodomy,' 'buggery'; Ausman v. Veal, 10 Ind. 355 [71 Am. Dec. 331]."

Buggery or sodomy is the crime against nature which was denounced by the common

law and by the statute of this state before it was amended by the act of 1896. But the crime against nature, committed with the sexual organ of one person and the mouth of another, was not regarded as buggery or sodomy in the common law; and it was to include and denounce this particular crime against nature that the statute of 1896 added to the common-law crime against nature, "with the sexual organs or with the mouth."

Bouvier's Law Dictionary defines "sodomy" as: "A carnal copulation by human beings with each other against nature, or with a beast. See 2 Bishop, Cr. Law, §§ 1191, 1196,"—and adds: "Penetration of the mouth is not sodomy." Bouvier gives no definition of "buggery" or of "crime against nature," saying, "See Sodomy."

Black's Law Dictionary defines "crime against nature" as "the offense of buggery or sodomy."

McLain's Criminal Law (volume 2, p. 56, § 1153) of sodomy says:

"This offense is sufficiently described by calling it, with Blackstone, the crime against nature committed either with a human being or a beast. * * * The act must be in that part where sodomy is usually committed; *the act in a child's mouth does not constitute the offense.*"

Clark's Criminal Law (page 192) of sodomy, bestiality, buggery says:

"These crimes are generally spoken of as the 'abominable and detestable crime against nature.' * * * *The act in a person's mouth is not enough;. it must be per annum.*"

Am. & Eng. Encyc. of Law (volume 22) of Sodomy, and How Committed, says: "There must be connection in those parts where sodomy is usually committed."

May's Criminal Law (section 210, p. 223) of *sodomy, otherwise called bestiality or buggery*, says: "To constitute the offense between human beings, the act must be *per annum*."

The same view is expressed in Clark & Marshall's Law of Crimes, § 461; Archibald's Crim. Pr. & Pl. (8th Ed.) vol. 1, p. 1015.

From the foregoing definitions, it is well settled that the offense committed with the male sexual organ and the mouth, that is, the act called "fellatio" in medical jurisprudence, was never regarded at common law as the *"crime against nature,"* which meant only *"buggery"* or *"sodomy."*

And it is also obvious that, as the section of the Revised Statutes did not define any crime against nature, but only denounced that crime known in the common law as "buggery" or "sodomy," the amendment of 1896 was adopted in order to amend and enlarge the common-law definition of the crime against nature so as to include the act called "fellatio," and perhaps that other perversion called "cunnilingus," committed with the mouth and the female sexual organ.

This was assumed to be the object of the Act No. 69 of 1896, in the case of State v. Vicknair, 52 La. Ann. 1925, 28 South. 274, where it was said:

"The crime against nature was therefore denounced by the act of 1805, re-enacted as section 788 of the Revised Statutes of 1870, and the definition of said crime was furnished by section 33 of said act of 1805, referring to the common law for the same, which (common-law) definition has been re-enacted as section 976 of the Revised Statutes of 1870. But it seems that there was some doubt as to whether, when the act was committed by one of the parties with the mouth, it fell within the definition thus furnished. The General Assembly, therefore, passed Act No. 69 of 1896, imposing the penalty upon any one convicted of the crime against nature 'committed with mankind or beast, with the sexual organs, or with the mouth.' "

In the case of State v. Long, 133 La. 580, 63 South. 180, the defendant was charged in the indictment with the crime against nature committed by taking into his mouth the sexual organ of a boy, the reverse of the offense which the district judge says was proven against the present defendant, and in that case this court, as then constituted, adhered to the doctrine of the Vicknair Case, saying that although Act No. 69 of 1896 is not as explicit as a statute enacted in Wisconsin for the same purpose, it is sufficiently

STATE v. ANDERSON

explicit to accomplish its manifest object and purpose, to define and denounce as a crime the penetration of the mouth with the sexual organ, an offense which all of the authorities had reluctantly agreed was not embraced in the common-law definition of the "crime against nature."

It is not necessary to express an opinion here as to whether proof that the defendant inserted his sexual organ into the boy's mouth would have been admissible if the bill of information had merely charged him with the commission of the crime against nature without indicating how the crime was committed. Here, the bill of information does not contain the term "crime against nature," employed in the statute of 1896. It charges that the defendant—

"carnally knew the said [boy], and then and there feloniously, wickedly, diabolically, and against the order of nature, with the said [boy] did commit and perpetrate the detestable and abominable crime of buggery."

That is the common-law crime against nature which the common-law courts and the authorities on criminal law have unanimously agreed does not include the act of penetrating a person's mouth with the sexual organ.

The bill of information did not inform the defendant of the nature of the crime which was intended to be proven against him, and of which he was convicted.

The verdict and sentence appealed from are therefore annulled and set aside, and the case is remanded to the district court, to be proceeded with according to law.