310 So.2d 89 (1975)
STATE of Louisiana
v.
Grasy LINDSEY.
No. 55469.
Supreme Court of Louisiana.
February 24, 1975.
Rehearing Denied March 31, 1975.
*90 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellant.
Numa V. Bertel, Jr., New Orleans, for defendant-appellee.
MARCUS, Justice.
On June 17, 1974, defendant was charged by bill of information with having engaged in unnatural carnal copulation in violation of R.S. 14:89. Defendant filed a motion to quash the information on the ground that the statute that she was alleged to have violated was unconstitutionally vague and indefinite. The trial judge sustained the motion to quash and ordered defendant's release. The state reserved a bill of exceptions and appeals the ruling to this court.[1] Thus, the question of the constitutionality of R.S. 14:89 is the sole issue before us in this case.
R.S. 14:89 provides:
Crime against nature is the unnatural carnal copulation by a human being with another of the same or opposite sex or with an animal. Emission is not necessary, and, when committed by a human being with another, the use of the genital organ of one of the offenders of whatever sex is sufficient to constitute the crime.
Whoever commits the crime against nature shall be fined not more than two thousand dollars, or imprisoned, with or without hard labor, for not more than five years, or both.
The statute has existed in this state in one form or another since 1805.[2] In finding R.S. 14:89 to be constitutionally infirm, the district court determined that the statute "... does not conform to the constitutional requirement that the defendant be informed as to the nature and cause of the accusation." An understanding of this constitutional guarantee, found in article 1, section 10 of the 1921 state constitution (which was in effect and controlling at the time of the ruling of the trial court[3]), is essential to the resolution of the issue presented here.
Article 1, section 10 of the 1921 state constitution provides in part that "[i]n all criminal prosecutions, the accused shall be informed of the nature and cause of the accusation against him ...." As developed by this court, this guarantee requires that penal statutes describe the unlawful conduct with sufficient particularity and clarity such that ordinary men of reasonable intelligence are capable of discerning its meaning and conforming their conduct thereto. Thus, we have numerous times subjected various penal statutes to constitutional scrutiny to determine whether they presented adequate notice to those affected by them.[4]
*91 The constitutionality of R.S. 14:89 has been presented to this court once before in this context. In State v. Bonanno, 245 La. 1117, 163 So.2d 72 (1964), we concluded that a similar constitutional attack on the crime against nature statute was without merit. The observations made there by the court are equally relevant here.
The phrase `unnatural carnal copulation' that counsel points to in particular as being of obscure, vague, and indefinite meaning consists of words of common usage and indicate (sic) with reasonable clarity the kind and character of conduct the legislature intended to prohibit and punish. These words all have a well defined, well understood, and generally accepted meaning i.e., any and all carnal copulation or sexual joining and coition that is devious and abnormal because it is contrary to the natural traits and/or instincts intended by nature, and therefore does not conform to the order ordained by nature. To meet the test of constitutionality it is not necessary that the statute describe the loathsome and disgusting details connected with each and every way in which `unnatural carnal copulation' may be accomplished.
Id. at 1123-24, 163 So.2d at 74. Upon this basis, we again conclude that R.S. 14:89 satisfies the requirements of article 1, section 10 of the Louisiana Constitution that a criminal accused be informed of the nature and cause of the accusation against him.
Conceptually similar but arising from a different source is the federal constitutional guarantee, implicit in the fourteenth amendment, that words and phrases used in statutes may be so vague and indefinite that any penalty prescribed for their violation constitutes a taking of liberty or property without due process of law. Thus, the statutory language of R.S. 14:89 must also be considered from the perspective of the "void-for-vagueness" doctrine developed by the United States Supreme Court from the due process guarantee of the fourteenth amendment. See generally Note, The Void-For-Vagueness Doctrine in the Supreme Court, 109 U.Pa.L.Rev. 67 (1960).
The "void-for-vagueness" doctrine is not a concept of definite and unchanging content. Balanced against the requirement that a statute must neither forbid nor require the doing of an act "... in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application..."[5] is Mr. Justice Holmes' observation that
the law is full of instances where a man's fate depends on his estimating rightly, that is, as the jury subsequently estimates it, some matter of degree. If his judgment is wrong, not only may he incur a fine or short imprisonment...; he may incur the penalty of death.[6]
Drawing the line between statutory language so vague as to be unconstitutional and phraseology that exhibits one of Mr. Justice Holmes' "instances" whereby a citizen may rightfully be required to proceed with his questionable conduct at his own risk can be a difficult task.
However, we are not concerned here with such complexities of demarcation, since the statutory language of R.S. 14:89 offers a sufficiently clear and definite *92 criminal standard of conduct, viz., "the unnatural carnal copulation by a human being with another of the same or opposite sex or with an animal." While it may be argued that the phrase "unnatural carnal copulation" is antiquated and (considering the state of contemporary medical and psychological research into sexual behavior) inaccurate, statutes commonly retain archaic phrases and terms because they have acquired accepted legal meaning. This has historically occurred in the statutory development of the crime against nature, where an accepted meaning has been accorded the phrase "unnatural carnal copulation," as evidenced by the passage quoted from State v. Bonnanno, supra. Thus, the language defining the crime against nature is not unconstitutionally vague.
For the reasons assigned, the judgment of the trial court sustaining the motion to quash is reversed, and the case is remanded for further proceedings according to law and consistent with the views herein expressed.
CALOGERO, J., dissents with reasons.
BARHAM, J., dissents with reasons.
DIXON, J., dissents.
CALOGERO, Justice (dissenting).
I dissent, being of the belief that La.R.S. 14:89 is unconstitutionally vague and indefinite.
BARHAM, Justice (dissenting).
I must dissent from the majority's holding because I am firmly of the opinion that La.R.S. 14:89 is patently unconstitutional for the reasons assigned by the United States Supreme Court in their decision in Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973). The statute lacks the requisite specificity and it fails to make clear exactly which acts are criminally prohibited. Once again the majority has failed to supply a definition to cure the infirmities of the statute, as it has failed to do on previous occasions when we have had the opportunity to consider the issue of the constitutionality of this statute.
Thus, since no interpretation has been set forth by the majority to cure the defects of ambiguity and lack of specificity, and since the statute provides no notice of the crime charged, in my opinion it cannot be said to meet the tests of constitutionality. Additionally, it is my opinion that on its face the statute in question violates that fundamental right to privacy enunciated by the Supreme Court is Griswold v. Connecticut, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965).
For the reasons assigned, I respectfully dissent.

ON APPLICATION FOR REHEARING
TATE, Justice (concurring in the denial).
In her application for rehearing, the defendant-appellee re-urges the contention that La.R.S.14:89, defining and punishing the offense of "crime against nature", is unconstitutionally vague. The further contention is made that the definition of the crime, "the unnatural carnal copulation by a human being with another of the same or opposite sex", might invade the right of privacy between married couples recognized in Griswold v. Connecticut, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965).
I subscribed to our original majority opinion because I understand it to hold that the statutory phrase "unnatural carnal copulation" as acquired historically and jurisprudentially a definite meaning and, as between human beings, refers only to two certain specified sexual practices, namely, to sodomy, State v. Murry, 136 La. 253, 66 So. 963 (1914), or to oral-genital sexual activity, State v. Young, 249 La. 1053, 193 So. 2d 243 (1966). See State v. Bonanno, 245 La. 1117, 163 So.2d 72 (1964).
*93 Historically, married couples have never been prosecuted. In my belief, for the same reasons of historical meaning, conduct between married couples is not included within the scope of the statutory offense.
NOTES
[1] Under both the old and the new state constitutions, this court has appellate jurisdiction in all cases in which a law of this state has been declared unconstitutional. La.Const. art. 7, § 10(2) (1921); id. art. 5, § 5(D)(1) (1974).
[2] For a comprehensive history see State v. Bonanno, 245 La. 1117, 163 So.2d 72 (1964).
[3] A provision identical in effect is found in article 1, section 13 of the new state constitution, which became effective at midnight of December 31, 1974.
[4] E. g., State v. Dardar, 257 La. 191, 241 So.2d 905 (1970) (statute prohibiting trawling in "inside waters" during closed season overturned for defective description of quoted term); State v. Willis, 253 La. 893, 221 So. 2d 39 (1969) (language proscribing the commission of any "sexual immoral act" by a juvenile with the assistance of an adult contained in the contributing-to-the-delinquency-of-juveniles statute approved); State v. Cloud, 248 La. 125, 176 So.2d 620 (1965) (language in extortion statute approved); State v. Wiener, 245 La. 889, 161 So.2d 755 (1964) (Sunday Closing Law Prohibiting, inter alia, sale of "wearing apparel" on Sunday sufficiently clear).
[5] Connally v. General Constr. Co., 269 U.S. 385, 391, 46 S.Ct. 126, 70 L.Ed. 322 (1921).
[6] Nash v. United States, 229 U.S. 373, 377, 33 S.Ct. 780, 57 L.Ed. 1232 (1913).