365 So.2d 1304 (1978)
STATE of Louisiana
v.
Larry Joe PHILLIPS.
No. 61975.
Supreme Court of Louisiana.
December 15, 1978.
Rehearing Denied January 26, 1979.
*1305 John Wilson Reed, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara B. Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Robert F. Barnard, Asst. Dist. Atty., for plaintiff-appellee.
TATE, Justice.
The defendant Phillips was convicted of two counts of aggravated crime against nature, La.R.S. 14:89.1(5) (1962), and sentenced to fifteen years imprisonment at hard labor (the maximum) on each count, with the sentences to be consecutive. Five assignments of error are argued by his appointed counsel. The accused also files pro se pleadings suggesting certain additional contentions.
In our view, the principal contentions of error are: I. Whether La.R.S. 14:89 (1975) and 14:89.1 (1962), prohibiting crime against nature and aggravated crime against nature respectively, are unconstitutionally vague; II. Whether penetration is required for proof of anal-genital and of oralgenital sexual activity proscribed by the statutes; and III. Whether a criminal defendant's attorney sitting beside him in open court may waive his right to a jury trial.
Context Circumstances
The bill of information charges the defendant Phillips with two counts of the crime charged, in both instances alleging that the accused had "unnatural carnal copulation" during June, 1976 with a named individual male, thirteen years of age, with the defendant being at least three years older than the named victim. Count 1 alleges that the defendant "did place his penis in the area of the anus of the said" juvenile. Count 2 alleges that the defendant "did place his mouth upon the penis of the said" juvenile.
The proof corresponds to the charges. On Count 1, the juvenile testified that the accused, after placing a lubricant between the juvenile's legs, placed his penis between the youth's legs for about two minutes. On Count 2, the juvenile testified that the accused sucked his penis for about five minutes. The incidents occurred consecutively within the short span of minutes.
The accused did not testify. However, his ward (a 17-year-old boy) was present on the occasion of the accused's visit to New Orleans and on the beach excursion preceding the alleged incidents. This witness denied that any sexual activity whatsoever took place.
The gravamen of the offense charged is that the accused committed a crime against nature, La.R.S. 14:89 (1975) ("unnatural carnal copulation", involving "the use of the genital organ of one of the offenders") with the juvenile, which constituted aggravated crime against nature, La.R.S. 14:89.1(5) (1962), because the juvenile was under the age of 17, while the accused was at least three years older. The statutes are set forth in full in Appendix 1 below.
I. Constitutionality of Statutes.
By a motion in arrest of judgment, La.C. Cr.P. art. 859(2), the defendant questions the constitutionality of the statute under which convicted.
By his pro se pleadings, the accused contends that the statutory definition of crime against nature, La.R.S. 14:89, is unconstitutionally vague, as not affording a potential offender adequate notice of the conduct prohibited.
A statute defining a crime against nature, even though the statute itself does not specify the details of the crime, will not be held unconstitutionally vague if it has been sufficiently defined by authoritative judicial interpretation that a potential offender has notice of what is criminally proscribed. Wainwright v. Stone, 414 U.S. 21, 94 S.Ct. 190, 38 L.Ed.2d 179 (1973).
Louisiana's statute meets that test. The statutory terms defining the crime as "unnatural carnal copulation" involving the *1306 use of the genital organ of one of the offenders" have acquired historically and jurisprudentially a definite meaning. As between human beings, it refers only to two specified sexual practices: sodomy (analgenital intercourse of a specified nature, see below) and oral-genital activity (whereby the mouth of one of the participants is joined with the sexual organ of the other participant).
See: State v. Lindsey, 310 So.2d 89, concurring opinion 310 So.2d 92[1] (La.1975); State v. Young, 249 La. 1053, 193 So.2d 243 (1966)[2]; State v. Bonanno, 245 La. 1117, 163 So.2d 72 (1964); State v. Murry, 136 La. 253, 66 So. 963 (1914)[3]; State v. Long, 133 La. 580, 63 So. 180 (1913); State v. Vicknair, 52 La.Ann. 1921, 28 So. 273 (1900); State v. Williams, 34 La.Ann. 87 (1882).
For similar reasons, the crime of aggravated crime against nature, La.R.S. 14:89.1, has withstood similar attacks of unconstitutional vagueness. State v. McCoy, 337 So.2d 192 (La.1976); State v. Bluain, 315 So.2d 749 (La.1975).
By Assignment 7, the defendant further contends that the provision of R.S. 14:89.1(5) making a crime against nature aggravated, "where the victim is under the age of seventeen years and the offender is at least three years older than the victim" is unconstitutionally vague and indefinite. He argues that the statute provides no way of identifying which of the two parties to the consensual act is to be regarded as the victim and which is to be regarded as the offender.
The contention is refuted by the precise terms of the statute, by which the victim is the participant who is under the age of seventeen years. The rationale behind the statute is that a child of that age is incapable of giving a mature consent to actions of this nature performed with an older person, see Perkins on Criminal Law 391 (2d ed. 1969), and is thus in need of special protection by criminal sanction.
We find no vagueness in the statute. Nor do we find the legislative classification to be irrational in the light of the social evil addressed, despite counsel's forceful suggestion of possible bizarre applications (e. g., a 16-year-old prostitute being a "victim" of a 19-year-old friend or customer).
II. Is "penetration" statutorily required for anal-genital copulation and for oral-genital copulation, so as to be within the conduct proscribed by the crime-against-nature statutes?
By motions for directed verdict, and a new trial (alleging that an essential element of the crime was not proved), and in arrest of judgment (alleging that the bill of information does not charge a crime, since an essential averment is omitted, La.C.Cr.P. art. 859(1)[4]), the defendant contends that *1307 the prosecution falls because it did not charge or prove that there was actual penetration of the anus (Count 1) (Assignments 3, 5). By motion in arrest of judgment, he further contends that the Count 2 of the bill of information is defective because it does not allege penetration of the mouth (Assignment 5).
A. Anal Copulation
As earlier stated, the anal-genital crime against nature between human beings proscribed by our statute has jurisprudentially been held to be the conduct proscribed by the common-law crime of sodomy. State v. Murry, 136 La. 253, 66 So. 963 (1914); State v. Long, 133 La. 580, 63 So. 180 (1913); State v. Williams, 34 La. Ann. 87 (1882). See State v. Lindsey, 310 So.2d 89, concurring opinion 310 So.2d 92 (La.1975). Only because of this definite meaning of the statutory language has the enactment been saved from unconstitutional vagueness.
The crime of sodomy, or anal-genital intercourse, was clearly defined at common law, and penetration of the anus by the penis was an essential element. Perkins on Criminal Law 389-90 (2d ed. 1969); Clark & Marshall, A Treatise on Crimes, Section 11.07 (7th ed., 1967). See also discussion and citation of authority in State v. Morrison, 25 N.J.Super. 534, 96 A.2d 723 (1953).
The charge by Count 1 was the defendant "did place his penis in the area of the anus" of the victim. The only evidence on this count at the trial was that the defendant placed his penis between the victim's legs.
There was thus no evidence of the essential element of penetration. The defendant's motion for a directed verdict and for a new trial on Count 1, because of the total lack of evidence as to this essential element, is therefore well founded.
In arguing that penetration is not required, the state relies upon the 1975 amendment's exclusion from the crime against nature of anal sexual intercourse under circumstances constituting the rape crimes, La.R.S. 14:41, 41.1, 42, and 43 (see italicized clause in La.R.S. 14:89 (1975) quoted in full in Appendix 1). Since penetration is required for the rape crimes, the state contends that it is not required in order for anal-genital conduct to constitute a crime against nature.
The rape crimes, however, concern sexual intercourse, whether anal or vaginal, committed without the consent of the other party. In the case of a juvenile, it is "deemed to be without the consent of the victim . . . [w]here the victim is under the age of twelve years." La.R.S. 14:42(3) (1975).
Under the statutory scheme, where the anal sexual activity is committed with the consent of the other participant, or with the consent of a juvenile over the age of twelve and under seventeen years, the criminal conduct violates the crime-against-nature statutes rather than the rape statutes. We therefore find no merit to the state's contention that, because of the exclusion of rape offenses from the crime against nature statute, penetration is no longer required for a crime against nature committed by anal-genital activity.
We should note that the circumstance that the present type of anal-genital conduct with a juvenile is not technically punishable as a crime against nature does not mean that it is exempt from criminal responsibility. See, e. g., the statute defining indecent behavior with juveniles, with punishment up to imprisonment at hard labor for five years imposed for its violation. La. R.S. 14:81 (1977). (The statute which punishes contributing to the delinquency of a juvenile through sexually immoral acts, with punishment by imprisonment up to two years at hard labor, likewise appears to be applicable. La.R.S. 14:92(7) (1976).)
*1308 For reasons previously stated, we find that the state presented no evidence of an essential element of the crime charged by Count 1. We therefore conclude that the defendant's conviction on this count must be reversed, and a judgment of acquittal ordered by us to that count.
B. Oral Copulation
The defendant likewise contends that Count 2 of the bill of information was insufficient to charge a crime against nature, in that it alleged only that the defendant "did place his mouth upon the penis" of the victim. The defendant contends that penetration is likewise an essential element of the crime against nature of the oral-genital nature.
In the first place, if this were a deficiency in the indictment, it is of a nature of insufficient detail in the description of the crime rather than total failure to charge any crime: The indictment's language is susceptible to the construction that it encompassed "penetration" of the mouth by the sexual organ, and it clearly gave notice to the accused of the charge against him and adequately protects him against double jeopardy by re-trial for the conduct charged. An attack upon the indictment for technical deficiencies of this nature may not be made for the first time after the jury verdict. State v. James, 305 So.2d 514 (La.1974).[5]
However, we prefer to rest our decision upon a broader rationale.
Oral-genital conduct punished by the crime-against-nature statute was first criminally prohibited by an 1896 amendment proscribing unnatural copulation committed "with the mouth." See footnote 3. Despite dicta in State v. Long, 133 La. 580, 63 So. 180 (1913) that penetration is required, the weight of the jurisprudence is against such a restrictive interpretation of the statutory meaning. The jurisprudential interpretation of the oral-genital copulation proscribed by the crime against nature statute in its present version is that "any actual joining or connection of a genital organ of one person and the mouth of another" constitutes the crime. State v. Young, 249 La. 1053, 193 So.2d 243, 245 (1966). See also State v. Lindsey, 310 So.2d 89, 92 (La.1975).
Accordingly, we find no merit to the contention that the oral-genital conduct charged by Count 2 did not constitute the crime against nature statutorily proscribed.
III. Denial of Constitutional Right to a Jury Trial.
The defendant contends that he was denied his constitutional right to trial by jury because, when the trial judge asked him to choose between a judge trial or a jury trial, it was his attorney who responded that defendant would choose to waive the jury trial and be tried before the court. (Assignment 1).
The defendant forcefully contends that the right to trial by jury can only be waived by the defendant personally, and not by his attorney, even where, as here, the question was asked directly to the defendant and was answered by his attorney who was sitting beside him. He relies principally on State v. Muller, 351 So.2d 143 (La.1977).
Muller, however, upheld a trial judge's finding that under the facts of that case, a defendant whose attorney waived his right to jury trial while defendant was not present in court, had not actually given his informed consent to the waiver. Nevertheless, in Muller, we specifically refused to *1309 adopt an absolute rule that no jury waiver can be effective unless the record reflects that the accused was personally informed by the judge of his right to jury trial.[6]
We find no error in the determination of the trial judge here that the present defendant gave his informed consent to the waiver made in his presence by his attorney, especially in light of the facts that the judge had informed defendant not once, but twice, of his right to choose between a judge trial and a jury trial, and that the defendant was shown to have had prior experience as an accused in the trial of a criminal prosecution.
IV. Other Assignments and Contentions.
We do not reach the substantial issue posed by Assignment 5 that the trial court erred in imposing two consecutive sentences for two violations of the La.R.S. 14:89.1 committed within a single brief sexual encounter, see State v. Cramer, 358 So.2d 1277, 1281 (concurring opinion) (La.1978), since we reverse the conviction and sentence on Count 1.
By supplemental documents filed in this court, the accused argues pro se certain assignments and contentions. We have examined these contentions and find them to be without reversible merit. They do not involve legal issues not governed by clearly applicable authority. We have therefore discussed and disposed of them in Appendix 2 attached to this opinion, which remains a public record of this court (and which is available for what help it may be should there be further post-conviction attacks), but which will not be published with this opinion.

Decree
For the reasons assigned: (1) We reverse the defendant's conviction and sentence on Count 1, and we order that a judgment of acquittal be entered as to this count; (2) We affirm the conviction and sentence of fifteen years' imprisonment at hard labor on Count 2.
CONVICTION AND SENTENCE AS TO COUNT 2 AFFIRMED; SET ASIDE AS TO COUNT 1.
SANDERS, C. J., concurs as to Count 2 and dissents as to Count 1 with written reasons.
SUMMERS, J., dissents as to Count 1 and concurs as to the other disposition.

APPENDIX 1
La.R.S. 14:89 (1975) provides:
"Crime against nature is the unnatural carnal copulation by a human being with another of the same sex or opposite sex or with an animal, except that anal sexual intercourse between two human beings shall not be deemed as a crime against nature when done under any of the circumstances described in R.S. 14:41, 14:41.1, 14:42, or 14:43. Emission is not necessary; and, when committed by a human being with another, the use of the genital organ of one of the offenders of whatever sex is sufficient to constitute the crime.
"Whoever commits the crime against nature shall be fined not more than two thousand dollars, or imprisoned, with or without hard labor, for not more than five years, or both." (Italics ours.)
La.R.S. 14:89.1(5) (1962) provides:
"Aggravated crime against nature is crime against nature committed under any one or more of the following circumstances:
"* * *
"(5) Where the victim is under the age of seventeen years and the offender is at least three years older than the victim.

*1310 "Whoever commits the crime of aggravated crime against nature shall be imprisoned at hard labor for not more than fifteen years."

* * * * * *
SANDERS, Chief Justice (concurring in part and dissenting in part).
I concur in the affirmance of the conviction on Count 2.
I dissent, however, from the reversal of the conviction on Count 1. In my opinion, the record contains some evidence of "unnatural carnal copulation." That is all that the statute (LSA-R.S. 14:89.1) requires. State v. Young, 249 La. 1053, 193 So.2d 543 (1966); State v. Bonanno, 245 La. 1117, 163 So.2d 72 (1964).
For the reasons assigned, I respectfully concur in part and dissent in part.
NOTES
[1] The concurring opinion in Lindsey notes its reservation that the prohibition did not apply to conduct of married couples within the marriage. See Perkins on Criminal Law 392 (2d ed., 1969).
[2] Young held that the conduct proscribed oralgenital sexual activity between females as well as males.
[3] Murry (as well as the earlier cases cited) noted that "crime against nature" referred only to the common-law crime of sodomy until the amendment of R.S., Section 788 (1870) by Act 69 of 1896 proscribed also crime against nature committed "with the mouth" (i. e., oral-genital sexual activity).
[4] Counsel argues, correctly in our opinion, that this post-conviction attack on the sufficiency of the Count 1 indictment is not barred by the rationale of State v. James, 305 So.2d 514 (La. 1974). James held that mere deficiencies in an indictment could not be raised after the indictment, where the indictment gave adequate notice of the crime charged and was sufficient to protect against subsequent double jeopardy for the conduct against which the accused had to defend.

Here, however, the (Count 1) attack is based upon the contention that the conduct charged does not fall within the statutory definition of the crime for which prosecuted; rather than a technically deficient charge as to criminal conduct actually proved, the charge alleges the only conduct proved, which (the accused argues) does not include the essential element omitted from the indictment. Since we subsequently find no evidence proves an essential of the crime charged by Count 1 (anal-genital copulation), we do not base our decision upon this procedural issue insofar as this count.
[5] See also Footnote 4. With regard to Count 2, there is evidence of penetration in the victim's testimony that the defendant sucked his sexual organ.
[6] However, although we have not thus far required the defendant personally to waive his right to a jury trial, the necessity for a post-verdict evidentiary hearing here occasioned may well indicate such to be a preferable practice.