500 So.2d 374 (1987)
STATE of Louisiana
v.
Michael NEAL.
STATE of Louisiana
v.
Leslie DESPENZA.
Nos. 86-KA-0815, 86-KA-1325.
Supreme Court of Louisiana.
January 12, 1987.
*375 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Rockne Moseley, Christina H. Belew, Asst. Dist. Attys., for plaintiff-appellant in No. 86-KA-0815.
Donald Winston, for defendant-appellee in No. 86-KA-0815.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Michael McMahon, Rockne Moseley, Judith Brewster, Richard Olsen, Asst. Dist. Attys., for plaintiff-appellant in No. 86-KA-1325.
John F. Greene, for defendant-appellee in No. 86-KA-1325.
DENNIS, Justice.[*]
In these cases the trial court declared unconstitutional statutes prohibiting solicitation *376 of prostitution, La.R.S. 14:82(b) and solicitation of crime against nature, La.R.S. 14:89 A(2), and the state appealed. La. Const. 1974, Art. 5 § 5(D). We reverse.
The bills of information separately charged (1) Michael Neal with the solicitation of another person with the intent to engage in indiscriminate sexual intercourse with the latter for compensation, La.R.S. 14:82(b), and (2) Leslie Despenza with the solicitation of another human being with the intent to engage in unnatural carnal copulation for compensation. La.R.S. 14:89 A(2). Each defendant moved to quash urging similar arguments of unconstitutionality. The trial court consolidated the motions for hearing and, after entertaining argument, declared both statutes unconstitutional for the following reasons:

* * * * * *
I'm quashing the statute based on vagueness and also based on the fact that it is a violation of the First Amendment Right that mere speech makes a crime.
I think that the best argument here is the fact that a prosecutor can pick any one of four statutes and not only prosecute but pick the penalty depending on how he feels about an individual where the same exact activity fits every statute. That has got to be wrong.

* * * * * *
Thus, the trial court declared the laws unconstitutional on the grounds of vagueness, freedom of speech, and overlapping statutory provisions. We will discuss each ground individually.

A. Vagueness

1. Solicitation of Crime Against Nature
The statute defining solicitation of a crime against nature is not void for vagueness. It corresponds to the provision defining the basic offense of crime against nature, which we repeatedly have upheld against challenges of vagueness. The basic crime and the solicitation offense are set forth by La.R.S. 14:89 A(1) and (2) as follows:
(1) The unnatural carnal copulation by a human being with another of the same sex or opposite sex or with an animal, except that anal sexual intercourse between two human beings shall not be deemed as a crime against nature when done under any of the circumstances described in R.S. 14:41, 14:42, 14:42.1 or 14:43. Emission is not necessary; and, when committed by a human being with another, the use of the genital organ of one of the offenders of whatever sex is sufficient to constitute the crime.
(2) The solicitation by a human being of another with the intent to engage in any unnatural carnal copulation for compensation.
In State v. Phillips, 365 So.2d 1304 (La. 1978), in which the court summarized the jurisprudence upholding the crime against nature statute, we said:
A statute defining a crime against nature, even though the statute itself does not specify the details of the crime, will not be held unconstitutionally vague if it has been sufficiently defined by authoritative judicial interpretation that a potential offender has notice of what is criminally proscribed. Wainwright v. Stone, 414 U.S. 21, 94 S.Ct. 190, 38 L.Ed.2d 179 (1973).
Louisiana's statute meets that test. The statutory terms defining the crime as `unnatural carnal copulation' involving the `use of the genital organ of one of the offenders' have acquired historically and jurisprudentially a definite meaning. As between human beings, it refers only to two specified sexual practices: sodomy (anal-genital intercourse of a specified nature, see below) and oral-genital activity (whereby the mouth of one of the participants is joined with the sexual organ of the other participant).
See: State v. Lindsey, 310 So.2d 89, concurring opinion, 310 So.2d 92 (La. 1975); State v. Young, 249 La. 1053, 193 So.2d 243 (1966); State v. Bonanno, 245 La. 1117, 163 So.2d 72 (1914); State v. Long, 133 La. 580, 63 So. 180 (1913); State v. Vicknair, 52 La.Ann. 1921, 28 *377 So. 273 (1900); State v. Williams, 34 La.Ann. 87 (1882).
For similar reasons, the crime of aggravated crime against nature, La.R.S. 14:89.1, has withstood similar attacks of unconstitutional vagueness. State v. McCoy, 337 So.2d 192 (La.1976); State v. Bluain, 315 So.2d 749 (La.1975).
For the same reasons we have sustained the basic crime against nature statute we now find no vagueness in the solicitation provision.

2. Solicitation of Prostitution
The statutory definition of solicitation of prostitution provides:
Prostitution is ... the solicitation by one person of another with the intent to engage in indiscriminate sexual intercourse with the latter for compensation. La.R.S. 14:82(b).
The statute is not vague. In State v. Butler, 331 So.2d 425 (La.1976) we considered whether a similar provision defining prostitution was unconstitutional for this reason. That provision stated that prostitution is "the practice by a female of indiscriminate sexual intercourse with males for compensation". La.R.S. 14:82 (1942). This court held that these words put persons on notice that indiscriminate acts of sexual intercourse when performed in return for compensation are prohibited by the laws of this state. State v. Butler, supra. For the same reason we conclude that the words of the present statute under consideration, La.R.S. 14:82(b), put persons on notice that the solicitation to perform an indiscriminate act of sexual intercourse for compensation is a violation of criminal law.

3. Overbreadth
Defendants nevertheless urge us to employ the overbreadth technique to strike down the statutes. They claim that cloistered sexual conduct of consenting adults, both married and unmarried, is apt to be deterred by enforcement of the laws. We think it unlikely, however, that any such activity will be chilled thereby, considering that the laws are aimed at solicitations of sexual acts for compensation that as a practical matter may be detected efficiently only through the use of police decoys in public places. Moreover, overbreadth invalidations of statutes are generally inappropriate when the allegedly impermissible applications of the challenged statute affect conduct rather than speech. Broadrick v. Oklahoma, 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973). Facial overbreadth adjudication is an exception to traditional rules of practice. Its function, a limited one at the outset, attenuates as the otherwise unprotected behavior that it forbids the state to sanction moves from "pure speech" towards conduct and that conducteven if expressivefalls within the scope of otherwise valid criminal laws that reflect legitimate state interests in maintaining comprehensive controls over harmful, constitutionally unprotected conduct. Id. Because the alleged impermissible application in this case is so unlikely and because it would affect conduct rather than speech, we conclude that the statutes are not overbroad and that if any overbreadth does exist it should be cured through case-by-case analysis of the fact situations to which their sanctions, assertedly, may not be applied. Id.

B. Freedom of Speech
The solicitation of prostitution and of crime against nature statutes do not abridge freedom of speech. Speech is not an unlimited, unqualified, right, but must, on occasion, be subordinated to other considerations.
The test for determining whether a criminal statute which prohibits speech advocating violent or illegal conduct may be sustained was set forth by the United States Supreme Court in Brandenburg v. Ohio, 395 U.S. 444, 89 S.Ct. 1827, 23 L.Ed.2d 430 (1969), where the court stated:
These later decisions have fashioned the principle that the constitutional guarantees of free speech and free press do not permit a State to forbid or proscribe advocacy of the use of force or of law *378 violation except where such advocacy is directed to inciting or producing imminent lawless action and is likely to incite or produce such action. As we said in Noto v. United States, 367 U.S. 290, 297-298, 6 L.Ed.2d 836, 841, 81 S.Ct. 1517 [1520-1521] (1961), "the mere abstract teaching ... of the moral propriety or even moral necessity for a resort to force and violence, is not the same as preparing a group for violent action and steeling it to such action." See also Herndon v. Lowry, 301 U.S. 242, 259-261, 81 L.Ed. 1066, 1075, 1076, 57 S.Ct. 732 [739-741] (1937); Bond v. Floyd, 385 U.S. 116, 134, 17 L.Ed.2d 235, 246, 87 S.Ct. 339 [348] (1966). A statute which fails to draw this distinction impermissibly intrudes upon the freedoms guaranteed by the First and Fourteenth Amendments. It sweeps within its condemnation speech which our Constitution has immunized from governmental control. Cf. Yates v. United States, 354 U.S. 298, 1 L.Ed.2d 1356, 77 S.Ct. 1064 (1957); DeJonge v. Oregon, 299 U.S. 353, 81 L.Ed. 278, 57 S.Ct. 255 (1937); Stomberg v. California, 283 U.S. 359, 75 L.Ed. 1117, 51 S.Ct. 532, 73 ALR 1484 (1931). See also United States v. Robel, 389 U.S. 258, 19 L.Ed.2d 508, 88 S.Ct. 419 (1967); Keyishian v. Board of Regents, 385 U.S. 589, 17 L.Ed.2d 629, 87 S.Ct. 675 (1967); Elfbrandt v. Russell, 384 U.S. 11, 16 L.Ed.2d 321, 86 S.Ct. 1238 (1966); Aptheker v. Secretary of State, 378 U.S. 500, 12 L.Ed.2d 992, 84 S.Ct. 1659 (1964); Baggett v. Bullitt, 377 U.S. 360, 12 L.Ed.2d 377, 84 S.Ct. 1316 (1964). Id. 395 U.S. at 447-48, 89 S.Ct. at 1829-30.
Thus, the state may forbid or proscribe advocacy of prostitution or crime against nature where such advocacy is directed to inciting or producing imminent lawless action and is likely to incite or produce such action. In our opinion, this is precisely the type of speech and conduct which are made illegal by the solicitation provisions. The offender's conduct and speech are directed to inciting or producing imminent lawless acts of prostitution or crime against nature, and in the typical situation the conduct and speech are likely to incite or produce such action.

C. Overlapping Statutory Provisions
Defendants successfully argued below that the statutes are unconstitutional because in some instances the same conduct may expose an accused to charges under any one of four provisions: solicitation or attempt of prostitution; solicitation or attempt of crime against nature. Assuming this to be so, however, we are not aware of how this statutory arrangement conflicts with any constitutional principle. The policy of our criminal code recognizes that there will be overlapping in the code sections and other statutes and expressly provides that in such cases prosecution may proceed under either provision. La. R.S. 14:4 and Reporter's Comment. It is intended that there shall be only one prosecution and that the offender will be protected from unwarranted multiple prosecutions by the law concerning double jeopardy. Id. The trial court did not state why it found this statutory policy to be unconstitutional. The defendants' cursory arguments will be discussed along with other insubstantial contentions in the next section.

D. Insubstantial arguments
The defendants urge other insubstantial reasons for the trial court's ruling which deserve only summary disposition.
Defendants ask for recognition of a right to privacy insulating all private sexual acts of consenting adults. The right to privacy does not shield all private sexual acts from state regulation, however. The United States Supreme Court in Bowers v. Hardwick, ___ U.S. ___, 106 S.Ct. 2841, 92 L.Ed.2d 140 (1986), rejected a claimed constitutional right to engage in private acts of sodomy. Moreover, as in the overbreadth argument, defendants overlook the fact that the private conduct which they *379 seek to protect will not likely be affected by the enforcement of the statutes against indiscrimate solicitations of sexual acts for compensation, which generally occur in public.
Defendants' claim that the statutes are enforced discriminatorily and arbitrarily is an attack on the statute as applied, rather than a facial attack. The record is devoid of any evidence to support the claim of misapplication of the statute.
Defendants argue that the statutes are unconstitutional because they fail to require that an accused have knowledge of the type of activity that is prohibited by law. Defendants are in error. Ignorance of the law is not a defense to any criminal prosecution. La.R.S. 14:17.
Defendant Neal argues in his brief that the solicitation of crime against nature statute authorizes a penalty which is cruel, unusual, excessive and disproportionate in comparison with that authorized by the solicitation of prostitution statute. From the record before us, it does not appear that either defendant raised this argument below. Furthermore, we note that neither defendant has been sentenced or even convicted. Thus the argument is not properly before this court and will not be considered. The argument can be reasserted at a later time.
Both defendants assert in brief that their rights to the protection of equal laws are being violated. Again, this argument will not be considered by this court for the same reasons that we deferred entertainment of defendants' excessive punishment claim.
The judgment of the trial court declaring La.R.S. 14:82(b) and 14:89 A(2) unconstitutional is reversed, and the case is remanded for further proceedings.
REVERSED AND REMANDED.
DIXON, C.J., concurs.
CALOGERO, J., concurs since State v. Lindsey, 310 So.2d 89 (La.1975) the principle issue in this case has been resolved in this court.
NOTES
[*] Honorable Pike Hall, Jr., Chief Judge, Court of Appeal, Second Circuit, sitting for Justice Harry T. Lemmon.