JgCANNELLA, Judge.
Defendant, Alton Dabney, appeals from his conviction of crime against nature and his sentence to three years imprisonment at hard labor, suspended with two years active probation. For the reasons which follow, we affirm and remand.
Because the conviction was by guilty plea, there are no facts in the record concerning the offense except what was contained in the bill of information. On July 16, 1999, the Defendant was charged with the offense of solicitation of a named woman with the intent to engage in indiscriminate unnatural carnal copulation for compensation, in violation of La. R.S. 14:89. On October 19, 1999, the Defendant appeared in court with another defendant, Patti Stevenson (Stevenson), who had been charged with the same offense. Counsel for Stevenson had filed a motion to quash the bill of information on the grounds that La. R.S. 14:89 was unconstitutional. Counsel for the Defendant orally moved to join Stevenson’s motion. The State had no opposition. The trial court allowed |athe Defendant to join Stevenson’s motion and argument. Following the argument, the trial court denied both motions to quash.
Thereafter, the Defendant tendered a plea of guilty as charged under State v. Crosby, 338 So.2d 584 (La.1976), reserving his right to appeal the trial court’s denial of his motion to quash. The Defendant was sentenced to imprisonment at hard labor for a term of three years. The sentence was suspended and he was placed on active probation for two years. The Defendant appealed.
On appeal, the Defendant assigns only one error. He contends that the statute under which he was convicted, is unconstitutionally vague because it fails to make clear on its face exactly what behavior is proscribed.
The State contends that this issue has been previously considered and decided, many times, contrary to the Defendant’s argument, most recently three months ago by the Louisiana Supreme Court in State v. Smith c/w State v. Garrett c/w State v. Varnado c/w State v. Baron, 99-0606 (La.7/6/00), 766 So.2d 501.
The Defendant was charged with and pled guilty to solicitation with the intent to engage in indiscriminate unnatural carnal copulation for compensation in violation of La. R.S. 14:89(A)(2).
La. R.S. 14:89 provides in pertinent part:
A. Crime against nature is:
(2) The solicitation by a human being of another with the intent to engage in any *249 unnatural carnal copulation for compensation.
In State v. Smith, supra, the court expressly considered the same argument presented here, that La. R.S. 14:89(A)(2) was unconstitutionally vague. The |4court, relying on a long line of jurisprudence, rejected the argument, finding that the statute was not unconstitutionally vague. State v. Azar, 539 So.2d 1222 (La.1989), cert. denied, Azar v. Louisiana, 493 U.S. 823, 110 S.Ct. 82, 107 L.Ed.2d 48 (1989); State v. Powell, 515 So.2d 1085 (La.1987); State v. Neal, 500 So.2d 374 (La.1987); State v. Pierre, 500 So.2d 382 (La.1987); State v. Phillips, 365 So.2d 1304 (La.1978); State v. McCoy, 337 So.2d 192 (La.1976); State v. Lindsey, 310 So.2d 89 (La.1975); State v. Bonanno, 245 La. 1117, 163 So.2d 72 (1964).
We agree with and are bound by the conclusion reached by the Supreme Court in Smith, supported by a long line of jurisprudence, that La. R.S. 14:89(A)(2) is not unconstitutionally vague. Therefore, we find no merit in the Defendant’s argument.
We have reviewed the case for errors patent in accord with La.C.Cr.P. art. 920 and found that, following sentencing, the trial court did not properly advise the Defendant of the time for filing an application for post-conviction relief. The record reflects that the trial judge did not inform the Defendant when the delays commenced in accord with La.C.Cr.P. art. 930.8. Therefore, we remand the case with instructions to the district court to send written notice of the time for filing a post-conviction application to the Defendant within ten days of the rendering of this opinion, and to file written proof in the record that the Defendant received the notice. State v. Stelly, 98-578 (La.App. 5th Cir. 12/16/98), 725 So.2d 562, 564.
Accordingly, for the reasons set forth above, we affirm the conviction of the Defendant and his sentence to three years in prison at hard labor, suspended with two years active probation. The case is remanded to the district court to [^provide proof in the record of defendant’s receipt of appropriate notice, under La.C.Cr.P. art. 930.9, of the prescriptive period for post conviction relief.
AFFIRMED AND REMANDED.