PAINTER, Judge,
dissents and assigns written reasons.
liThe majority proposes to conditionally affirm Defendant’s conviction and sentence and remand the matter for an evidentiary hearing to determine whether Defendant validly waived his right to a jury trial. I disagree that the affirmation of the conviction and sentence should be conditional. I would find that no remand is necessary because I am of the opinion that the evidence is sufficient to show that the waiver was valid.
In this case, Defendant, through counsel, filed a Motion and Order to Waive Jury Trial, indicating that he -wished to waive the jury and have the matter tried by a judge. Defendant signed a verification of the motion which “declared that he has read the same and that all of the allegations contained therein are true and correct.” Defendant was present at the start of his trial, and he made no objection to the fact that no jury was present. Even so, Defendant now contends that the waiver is not valid because there is nothing in the record to establish that the waiver was knowing and intelligent.
*382 In State v. Wolfe, 98-345 (La.App. 4 Cir. 4/21/99), 738 So.2d 1093, writ denied, 99-1460 (La.12/10/99), 756 So.2d 281, cert. denied, 529 U.S. 1115, 120 S.Ct. 1976, 146 L.Ed.2d 805 (2000), in finding that the waiver of trial by jury was valid even though the trial court did not confer with defendant prior to acceptance of the waiver, the fourth circuit relied upon the fact that the defendant made no objection to his counsel’s oral waiver of the |2right to trial by jury when responding to the court’s inquiry as to the mode of trial. The fourth circuit also noted that the Louisiana Supreme Court has affirmed a waiver in similar circumstances. See State v. Phillips, 365 So.2d 1304 (La.1978).
In this case, Defendant had the opportunity to object to the waiver at two distinct points and failed to do so. First, he signed a verification of a Motion and Order to Waive Jury Trial, and then he did not object to the fact that no jury was present at the start of his trial. Therefore, I would find the waiver valid and affirm Defendant’s conviction and sentence.