307 So.2d 332 (1975)
STATE of Louisiana
v.
Raymond E. HECK and Mike Scheel.
No. 55251.
Supreme Court of Louisiana.
January 20, 1975.
Rehearing Denied February 21, 1975.
*333 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Warren J. Hebert, Sp. Pros., for plaintiff-appellant.
Murphy W. Bell, Director, R. Judge Eames, Trial Atty., Baton Rouge, for defendant-appellee Michael C. Scheel.
Tom F. Phillips, G. Michael Pharis, Taylor, Porter, Brooks & Phillips, Baton Rouge, for defendant-appellee Raymond E. Heck.
SANDERS, Chief Justice.
Defendants were charged with disturbing the peace by engaging in a fistic encounter, a violation of LSA-R.S. 14:103, subd. A(1). They filed a joint motion to quash the bill of information, attacking the constitutionality of the statute. The trial court sustained the motion, and the State appealed.
LSA-R.S. 14:103, subd. A(1), the statute in question, provides:
A. Disturbing the peace is the doing of any of the following in such manner as would foreseeably disturb or alarm the public:
(1) Engaging in a fistic encounter;
Defendants allege that the phrases "fistic encounter" and "disturb and alarm the public" are vague and overbroad, leaving to the court unlimited authority to define the offense. Hence, they assert the criminal statute violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution and Article 1, Sections 2 and 10 of the Louisiana Constitution (1921).
The State, on the other hand, argues that the contested phrases have a reasonably accepted definition and give fair notice of the nature of the criminal conduct.
The trial court held that the phrase "fistic encounter" was unconstitutionally vague and struck down the statute. We disagree.
In testing constitutionality, the statute should be given "a genuine construction, according to the fair import of . . . [its] words, taken in their usual sense, in connection with the context." LSA-R.S. 14:3; State v. Truby, 211 La. 178, 29 So. 2d 758 (1947).
If, because of vagueness, the statute fails to give a person of ordinary intelligence fair notice that his conduct is criminal, it violates the constitutional safeguards. United States v. Harriss, 347 U.S. 612, 74 S.Ct. 808, 98 L.Ed. 989 (1953); City of Shreveport v. Brewer, 225 La. 93, 72 So.2d 308 (1954).
This principle, however, does not invariably require a detailed specification of the various ways in which the crime can be committed. In the absence of detailed specification, a statute is nonetheless valid if the phraseology has a well known or commonly understood meaning. City of Baton Rouge v. Norman, La., 290 So.2d 865 (1974); State v. Evans, 214 La. 472, 38 So.2d 140 (1948); State v. Saibold, 213 La. 415, 34 So.2d 909 (1948); State v. Varnado, 208 La. 319, 23 So.2d 106 (1944); State v. Pete, 206 La. 1078, 20 So.2d 368 (1944); 10 La.L.Rev. 198.
In City of Baton Rouge v. Norman, supra, this Court stated:
"The requirement of definiteness need only give a person of ordinary intelligence *334 fair notice that his conduct is criminal. To accomplish this the legislature may employ generic terms. Cumbersome enumeration or explicit delineation of all possible situations is not required. `The enumeration in a statute of every item or variation in conduct is frequently impossible.'"
The trial judge, apparently, had no difficulty in concluding that the phrase "in such manner as would foreseeably disturb or alarm the public" was sufficiently definite. We likewise have none. In effect, the phrase is restrictive. It limits the criminal conduct to a fistic encounter that is foreseeably disquieting or alarming to the public. See Garner v. Louisiana, 368 U.S. 157, 82 S.Ct. 248, 7 L.Ed.2d 207 (1961); State v. Sanford, 203 La. 961, 14 So.2d 778 (1943).
The phrase "engaging in a fistic encounter" also appears to be reasonably clear. Taking the words in their usual sense, the phrase means engaging in a fistfight. We find in the phrase no unusual distortions to defeat comprehension by a person of ordinary intelligence.
Defendants assert that the sweep of the statute is so broad as to invade the area of protected freedoms, especially the freedom of speech. They cite Coates v. Cincinnati, 402 U.S. 611, 91 S.Ct. 1686, 29 L.Ed.2d 214 (1971), and NAACP v. Alabama, 377 U.S. 288, 84 S.Ct. 1302, 12 L. Ed.2d 325 (1964).
Contrary to the defendants' assertion, we find the statute to be narrowly drawn. It proscribes only those fistic encounters, or fistfights, that foreseeably disturb or alarm the public. The right of the State to impose penalties for the utterance of "fighting words" tending directly toward breaches of the peace has been constitutionally recognized. Cox v. Louisiana, 379 U.S. 559, 85 S.Ct. 476, 13 L.Ed.2d 487 (1965); Chaplinsky v. New Hampshire, 315 U.S. 568, 62 S.Ct. 766, 86 L.Ed. 1031 (1942). See also Lewis v. City of New Orleans, 415 U.S. 130, 94 S.Ct. 970, 39 L.Ed.2d 214 (1974); Gooding v. Wilson, 405 U.S. 518, 92 S.Ct. 1103, 31 L.Ed.2d 408 (1972). If the State may ban the utterance of such "fighting words," it may for a stronger reason enact measures for the suppression of fighting.
The two decisions cited by defendants, Coates v. Cincinnati, supra, and NAACP v. Alabama, supra, are inapposite.
In pressing their argument based on overbreadth, defendants question whether various activities are covered by the statute, e. g., a karate chop. Concededly, the present defendants were engaged in a fistfight. We need not, therefore, classify the numerous hypothetical situations cited. Such questions can be raised concerning the coverage of any criminal statute, no matter how well phrased.
In United States v. Petrillo, 332 U.S. 1, 67 S.Ct. 1538, 91 L.Ed. 1877 (1946), the United States Supreme Court stated:
"That there may be marginal cases in which it is difficult to determine the side of the line on which a particular fact situation falls is no sufficient reason to hold the language too ambiguous to define a criminal offense."
We conclude that the attack upon the constitutionality of the statute is without merit.
For the reasons assigned, the ruling of the Nineteenth Judicial District Court for the Parish of East Baton Rouge is reversed, the motion to quash is overruled, and the case is remanded to the district court for further proceedings according to law.
BARHAM, J., dissents with reasons.
BARHAM, Justice (dissenting).
I must dissent from the majority's conclusion that the defendants' attack upon the constitutionality of La.R.S. 14:103, subd. A(1) is without merit.
*335 The pertinent part of La.R.S. 14:103, subd. A(1) provides:
"A. Disturbing the peace is the doing of any of the following in such manner as would foreseeably disturb or alarm the public:
(1) Engaging in a fistic encounter; * * *." (Emphasis here and elsewhere supplied).
In my opinion, the statute is overbroad, vague and ambiguous, and as such it violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution, as well as Article 1, §§ 2 and 10 of the Louisiana Constitution (1921) (the Louisiana Constitution in effect at the time these defendants were charged).
The term "fistic encounter" as used in the statute could conceivably encompass every possible encounter between two or more persons wherein at least one of them uses his fists against another in some disturbing manner. It is entirely possible that a person might "engage in a fistic encounter" for the purpose of defending himself or his property. La.R.S. 14:19 and La.R.S. 14:20 clearly envision such encounters and specifically permit them.
La.R.S. 14:19 provides:
"The use of force or violence upon the person of another is justifiable, when committed for the purpose of preventing a forcible offense against the person or a forcible offense or trespass against property in a person's lawful possession; provided that the force or violence used must be reasonable and apparently necessary to prevent such offense, and that this article shall not apply where the force or violence results in a homicide."
La.R.S. 14:20 provides:
"A homicide is justifiable:
"(1) When committed in self-defense by one who reasonably believes that he is in imminent danger of losing his life or receiving great bodily harm and that the killing is necessary to save himself from that danger; or
"(2) When committed, for the purpose of preventing a violent or forcible felony involving danger to life or of great bodily harm, by one who reasonably believes that such an offense is about to be committed and that such action is necessary for its prevention. The circumstances must be sufficient to excite the fear of a reasonable person that there would be serious danger to his own life or person if he attempted to prevent the felony without the killing."
In my opinion, the proscription in La.R.S. 14:103, subd. A(1) renders criminal activity that is specifically permitted under La. R.S. 14:19 and La.R.S. 14:20, quoted above, as well as rendering inapplicable a defense that would otherwise be available to a charge such as battery or homicide.
More importantly, however, it is in direct contravention to what I consider to be a person's constitutional right to defend himself. The Ninth Amendment to the United States Constitution provides that "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." It is my opinion that when the Ninth Amendment is read in the context of the rest of the Bill of Rights it necessarily follows that all persons are constitutionally entitled to defend themselves from violence and from personal physical attacks. For example, the Second Amendment preserves the "right of the people to keep and bear Arms," and the Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects,". To deny the right of self-defense would be contrary to the general principles upon which the Bill of Rights is based. The existence of this right appears to have always been so self-evident that it has never been necessary to enumerate it in the Constitution; in this respect it is similar to the right to privacy. As written, the majority opinion would acquiesce in governmental *336 denial of an individual's right to protect himself by imposition of government sanction in restraint of the exercise of that right.
In determining whether or not a statute passes constitutional muster it is necessary to look at the statute on its face without twisting it into various interpretations or possible applications which might be constitutional although the statute itself on its face is not. The majority has not read the statute on its face and ascribed any meaning to it. Perhaps if the majority had in fact attempted to construe the statute on its face they might have found it to be constitutional in their opinion; however, they failed to do this. In my opinion the statute is blatantly unconstitutional on its face, and it could be unconstitutionally applied as well.
For these reasons it is my opinion that the trial court's action in sustaining the motion to quash on the part of the defendants was correct and should have been affirmed by this Court.
I respectfully dissent.