MARCUS, Justice.
Defendants Kenneth W. Carpenter and Jesse N. Peterson were charged by separate bills of information with hunting on a public road in violation of La.R.S. 32:292. The accused filed motions to quash the charges on the ground that the statute forming the basis of the prosecution was vague and indefinite, such that it “ . did not give defendant[s] reasonable notice or knowledge as to what acts constitute hunting on a public road.” After a hearing on the matter, the trial judge granted the motions to quash, and the state has appealed his ruling.
The sole issue presented here for consideration is whether La.R.S. 32:292, which proscribes hunting on a public road, is unconstitutionally vague or indefinite. As this court has observed, the challenge that a statute is vague or indefinite must be considered from two perspectives, i. e., both the state and federal constitutions.[1]
Article 1, section 13 of the Louisiana Constitution of 1974 declares that, “[i]n a criminal prosecution, -an accused shall be informed of the nature and cause of the accusation against him.” This guarantee requires that penal statutes describe the unlawful conduct with sufficient particularity and clarity that ordinary men of reasonable intelligence are capable of discerning the meaning and conforming their conduct thereto. Thus, this court has, at numerous times, subjected various statutes to constitutional scrutiny to determine *356 whether they presented adequate notice to those affected by them.[2]
A federal constitutional guarantee against vagueness has been enunciated by the United States Supreme Court. This “void-for-vagueness” doctrine holds that implicit in the fourteenth amendment is the guarantee that words and phrases used in penal statutes may be so vague and indefinite that any penalty prescribed for their violation constitutes a taking of liberty or property without due process of law.[3] The test to be applied here is that a criminal statute must
. give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute. The underlying principle is that no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed.[4]
It can be seen there is no readily appreciable difference between the state and federal concepts; a statute that fails to inform an accused of “the nature and cause” of an offense under the state constitution will also ordinarily fail to provide the “fair notice” of proscribed conduct required by the federal constitution.[5]
The statute in question provides that
[h]unting or the discharge of firearms on public roads or highways located in this state is hereby prohibited except by law enforcement officers when in the performance of their duties.
Whoever violates this Section shall be fined not more than fifty dollars or imprisoned for not more than thirty days or both.[6]
Defendants contend that the word “hunting” contained in the statute is unconstitutionally vague. We disagree. The word “hunting” has a clearly definable meaning, which is ordinarily “the act, practice, or an instance of chasing, taking, or killing game or wild animals.” [7] Absent express qualification, it must be assumed that the legislature employs words according to their accepted meaning. Hence, as used in La.R. S. 32:292, the term “hunting” both informs an accused of the nature and cause of the accusation against him and affords him fair notice of the conduct proscribed by the statute. Accordingly, the trial judge erred in finding the statute unconstitutionally vague.
DECREE
For the reasons assigned, the ruling granting the motions to quash is reversed, and the case is remanded to the trial court for further proceedings consistent with the views expressed herein.

. See State v. Lindsey, 310 So.2d 89 (La.1975).

. See, e. g., State v. Heck, 307 So.2d 332 (La.1975) (statute proscribing disturbing the peace by “engaging in a fistic encounter” upheld); State v. Dardar, 257 La. 191, 241 So.2d 905 (1970) (statute prohibiting trawling in “inside waters” during closed season held unconstitutionally vague); State v. Wiener, 245 La. 889, 161 So.2d 755 (1964) (Sunday Closing Law prohibiting, inter alia, sale of “wearing apparel” on Sunday held sufficiently clear).

. See generally, Note, The Void-For-Vagueness Doctrine in the Supreme Court, 109 U.Pa.L. Rev. 67 (1960).

. United States v. Harriss, 347 U.S. 612, 617, 74 S.Ct. 808, 812, 98 L.Ed. 989 (1954) (footnotes omitted).

. For further comparison see State v. Lindsey, 310 So.2d 89 (La.1975).

. La.R.S. 32:292 (1950), as amended, La.Acts 1968, No. 503, § 1.

. Webster’s Third New International Dictionary 1103 (1971). Accord, Prosser v. Parsons, 245 S.O. 493, 141 S.E.2d 342, 346 (1965); State v. Gilletto, 98 Conn. 702, 120 A. 567, 569 (1923); Commonwealth v. Bailey, 124 Va. 800, 97 S.E. 774 (1919); People v. Jacobs, 165 A.D. 721, 151 N.Y.S. 522, 523 (1915); Robinson v. State, 11 Ga.App. 847, 76 S.E. 1061 (1912).