HENDRY, Judge.
The issue raised by this appellate proceeding is whether the trial court properly dismissed the third-party civil action complaint filed by one medical physician against another medical physician on the basis that the claim must first be submitted to medical mediation pursuant to Section 768.44(l)(a), Fla.Stat. (1975). We hereby affirm the trial court order dismissing the third party complaint.
The main action was brought by Marion M. Forsyth, individually and as personal representative of the estate of her husband William P. Forsyth, against Herbert H. Davis, M.D. for wrongful death and damages based upon allegations of medical malpractice. Mrs. Forsyth’s claim had previously been submitted to medical mediation pursuant to Section 768.44(l)(a), Fla.Stat. (1975), and the panel found Dr. Davis ac-tionably negligent.
Dr. Davis filed a third-party complaint against Rush K. Acton, M.D. a consulting physician on the Forsyth case, alleging that said physician negligently treated the deceased in regard to his medical specialty, orthopedics; that Dr. Davis was entitled to indemnity by and contribution from Dr. Acton, should Dr. Davis ultimately be found negligent and liable in the circuit court main action.
The pertinent part of the Florida Medical Malpractice Reform Act of 1975, Section 768.44(l)(a), reads:
*953 “Any person or his representative claiming damages by reason of injury, death, • or monetary loss on account of alleged malpractice by any medical or osteopathic physician, podiatrist, hospital, or health maintenance organization against whom he believes there is a reasonable basis for a claim shall submit such claim to an appropriate medical liability mediation panel before that claim may be filed in any court of this state.”
By the language of the statute, the instant claim against Dr. Acton by the appellant must be submitted to a medical liability mediation panel. It is to be emphasized that the gravamen of the third-party action is predicated upon the allegation of professional negligence by a practicing physician, and appellant’s claims for indemnity and contribution arise out of that underlying claim of professional negligence. The third-party civil complaint was properly dismissed. See Walt Disney World Co. v. Memorial Hospital, 363 So.2d 698 (Fla. 4th DCA 1978). The point raised by appellee’s cross-appeal has been considered and found to be without merit.
The order appealed is affirmed.