475 So.2d 35 (1985)
STATE of Louisiana, Appellee,
v.
Glenn D. BURGESS, Appellant.
No. 17051-KA.
Court of Appeal of Louisiana, Second Circuit.
August 21, 1985.
*36 William D. Dyess, Many, for appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., New Orleans, Don Burkett, Dist. Atty., Robert E. Burgess, Asst. Dist. Atty., Many, for appellee.
Before HALL, C.J., and SEXTON and NORRIS, JJ.
HALL, Chief Judge.
The defendant, Glenn D. Burgess, was indicted by a DeSoto Parish grand jury for the offense of cruelty to a juvenile in violation of LSA-R.S. 14:93. After the defendant entered a guilty plea to the charge he was sentenced by the trial court to serve 10 years at hard labor, the maximum possible term of imprisonment under the statute. The defendant has appealed contending that the trial court failed to properly consider and apply the sentencing guidelines of LSA-C.Cr.P. Art. 894.1 and as a result *37 imposed an excessive sentence in violation of Art. 1, Sec. 20 of the Louisiana Constitution of 1974. Finding merit to defendant's assignment of error, the sentence imposed is vacated and the case is remanded for resentencing.
On March 7, 1984 the defendant placed his son, Patrick Burgess, age 2, in a bathtub and turned on the hot water for the purpose of punishment. Defendant held Patrick in the tub while the hot water ran over the child, causing second degree burns over 20% of the lower part of Patrick's body. After inflicting the burns, the defendant failed and refused to take Patrick to a hospital until the following day. At the hospital Patrick was found to have numerous bruises on his upper body in addition to the burns.
The defendant pled guilty to the charge of cruelty to a juvenile pursuant to a plea bargain in which the state agreed not to prosecute the defendant on a charge of aggravated battery. The record does not indicate whether or not the aggravated battery charge relates to the present offense.
On appeal, the defendant contends that the trial court failed to properly consider and apply the sentencing guidelines of LSA-C.Cr.P. Art. 894.1. In particular, the defendant notes that such mitigating factors as the defendant's age, mental status, family ties, employment record, and the defendant's emotional and physical health at the time of the offense should be construed in the defendant's favor. It is contended that the court, by failing to adequately consider these factors, failed to consider defendant's potential for rehabilitation and eligibility for probation. The defendant contends that the sentence imposed by the trial court is unconstitutionally excessive.
A sentence is unconstitutionally excessive in violation of Art. 1 Sec. 20 of the Louisiana Constitution of 1974 where it is grossly out of proportion to the severity of the offense or nothing more than a needless and purposeless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). The trial court is afforded wide discretion in imposing sentence within the statutory limits and such a sentence will not be set aside as excessive in the absence of a manifest abuse of discretion by the sentencing judge. State v. Square, 433 So.2d 104 (La.1983). Although a sentence is within the statutory limits it may violate a defendant's constitutional right against excessive punishment. The sentencing guidelines of LSA-C.Cr.P. Art. 894.1 provide a helpful criteria to consider in determining whether a sentence is unconstitutionally excessive. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Tully, 430 So.2d 124 (La.App.2d Cir.1983). While the trial judge need not articulate every aggravating and mitigating circumstance outlined in Art. 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant. Careful consideration and articulation of the reasons for sentence imposed under Art. 894.1 is especially important in cases where maximum sentences are imposed since maximum sentences are to be reserved for the most egregious and blameworthy of offenders. State v. Telsee, 425 So.2d 1251 (La.1983); State v. Richardson, 463 So.2d 853 (La. App.2d Cir.1985).
The presentence report reflects that the defendant has been married twice and that Patrick is the defendant's child from his first marriage. The defendant had custody of Patrick because the defendant's first wife abandoned both the defendant and Patrick. The defendant and his second wife had a child which was born with Down's Syndrome and other birth defects and died prior to commission of the present offense. The presentence report reflects that the defendant explained to the probation officer that he and his wife were having difficulties after the loss of their son. The defendant stated that his wife blamed him for the child's birth defect and death. Additionally, defendant stated that his wife kept getting mad at him because she thought he was not punishing Patrick enough when he was misbehaving. Defendant stated that as a result, "I lost my *38 mind." According to the defendant's wife, the present offense was the second instance of abuse by the defendant. The defendant's wife stated that the defendant had earlier beaten Patrick with a leather belt as a disciplinary measure.
A psychiatric examination of the defendant reflected that the defendant is mildly retarded and suffers from depression. The evaluation concluded that the defendant has no significant prior medical or psychiatric illnesses. The defendant graduated from high school; however, the defendant maintained a relatively poor grade point average. Significantly, the defendant has no prior criminal record and has maintained gainful employment since the year of 1977.
The trial court did not orally articulate its reasons for sentence at the sentencing hearing; however, the trial court did hand down written reasons for sentence which are contained in the record. In the written reasons for sentence, the court noted the defendant's age, the plea bargain, and the offense itself. The court stated that it considered the mitigating factors of Art. 894.1(B) and stated, "although the lack of a prior criminal record, and the possibility that defendant may not commit this crime again might be of some weight, such weight as might be accorded these factors is not sufficient to outweigh the justification for imprisonment." The court found that a lesser sentence than a prison sentence would deprecate the seriousness of the defendant's crime.
When the trial court finds that a term of imprisonment is indicated due to the seriousness of the crime under Art. 894.1 A(3), the court must nevertheless also consider the other two remaining factors of Part A of Art. 894.1 and the relevant mitigating factors found in Part B of Art. 894.1. Consideration and due weight to all of the sentencing guidelines of Art. 894.1 guide the court in determining an appropriate length of incarceration, suspension of sentence and/or probation.
Under LSA-C.Cr.P. Art. 894.1 A, the seriousness of the offense is only one factor that must be considered in individualizing a sentence to a defendant. State v. Ezernack, 408 So.2d 907 (La.1981); State v. Paddie, 434 So.2d 392 (La.1983). Other important elements which must be considered are the defendant's personal history such as age, family ties, marital status, health, and employment record. The lack of a prior criminal record and the likelihood of recidivism or rehabilitation should also be considered. State v. Soco, 441 So.2d 719 (La.1983); State v. Quebedeaux, 424 So.2d 1009 (La.1982); State v. Trahan, 412 So.2d 1294 (La.1982). These factors aid the court in determining whether there is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime and whether the defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by commitment to an institution. LSA-C. Cr.P. Art. 894.1 A(1) and (2).
We consider first the sentencing guidelines of Art. 894.1 B. Under Art. 894.1 B(1) and (2), the defendant's conduct did cause serious harm to his son; however, it does not appear that the defendant contemplated that his conduct would cause or threaten serious harm. Under Art. 894.1 B(3), (4) and (5) there appears to be an explanation for the defendant's criminal conduct although the conduct is not excusable. Specifically, the defendant abused the child in an attempt to discipline the child. Additionally, the defendant's actions occurred during a period of great personal stress due to the death of the defendant's second son. A significant factor in defendant's favor under Art. 894.1 B(7) is the fact that the defendant has no prior history of delinquency or criminal activity and led a law abiding life for a substantial period of time before commission of the instant offense. Not only did the defendant lead a law abiding life prior to the instant offense, the defendant was gainfully employed and provided support for his wife and children. Under Art. 894.1 B(11), the imprisonment of the defendant would entail excessive hardship to the defendant's dependants in that the defendant could not provide support *39 as he did in the past. Should the defendant receive appropriate counseling as a condition of probation it is unlikely that the defendant's criminal conduct would recur. Art. 894.1 B(8). The fact that the defendant led a law abiding life for a substantial period of time before the instant offense indicates that the defendant is not criminally inclined and would respond affirmatively to probationary treatment. Art. 894.1 B(9) and (10).
Consequently, under Art. 894.1 A(1) there does not appear to be an undue risk that during the period of a suspended sentence or probation that the defendant would commit another crime if proper conditions of probation are imposed. Under Art. 894.1 A(2) and (3) it appears that the defendant is in need of a period of incarceration due to the seriousness of the defendant's crime; however, the mitigating factors in the defendant's favor in the present case indicate that the defendant is more in need of treatment by a mental health professional rather than long-term commitment to a correctional institution.
An examination of other reported cases in which defendants were convicted of the same crime reflects that this defendant is not among the most egregious or blameworthy of offenders. In State v. Scott, 400 So.2d 627 (La.1981), the child, age 2, was severely burned over 50% of his body with hot grease. The injury was accidental; however, the defendant neglected to seek medical assistance allegedly because of poverty and lack of transportation. Friends of the family and several state officials sought to bring the child into the hospital but were continually rebuffed by the defendant. It was not until four days after the injury that the child was taken to the hospital where he died as a result of the burns. The defendant received a sentence of 5 years at hard labor.
In State v. Freeman, 409 So.2d 581 (La. 1982), defendants Leroy Freeman and Geraldine Miles were charged with cruelty to their 17 month old boy. The facts of that case reflect that the couple abused the child on numerous occasions. The evidence of physical abuse included bruises, lacerations, choking marks on the neck, lesions consistent with human bites, cigarette burns, and fracture of one forearm. The wrists and arms were swollen, tender, and in need of treatment. The fracture was approximately a week old and some injuries were not more than two days old; other wounds had become infected and left scars. In this case the jury found Leroy Freeman guilty of attempted cruelty to a juvenile and Geraldine Miles guilty as charged of cruelty to a juvenile. The trial court found both defendants equally culpable and sentenced both defendants to five years at hard labor.
While the defendant's crime in the present case was serious, the defendant's actions did not reach the heinous proportions of State v. Scott and State v. Freeman. After considering the sentencing guidelines of Art. 894.1, we conclude that the sentence imposed by the trial court is unconstitutionally excessive in violation of Art. 1 Sec. 20 of the Louisiana Constitution of 1974. The sentence imposed is out of proportion to the severity of the offense, the defendant is not among the most egregious or blameworthy of offenders, and the length of the sentence amounts to a needless and purposeless imposition of pain and suffering. While we find that the sentence imposed by the trial court is excessive, we do not hold that the seriousness of the present crime does not justify incarceration nor do we hold that the seriousness of a crime can never alone justify an extended period of incarceration. We hold that in the present case the seriousness of the offense does not justify a maximum sentence of incarceration when balanced with the other remaining factors of Art. 894.1 which tend to mitigate in the defendant's favor. Any sentence beyond the mid-range of the possible sentence would be excessive in this case. Therefore, we vacate the sentence imposed and remand this case to the trial court for reconsideration of the sentence.
According due weight to the sentencing guidelines of Art. 894.1, the trial court *40 should not only consider a shorter period of incarceration but should also consider granting the defendant probation with special conditions of probation that the defendant serve a period of incarceration in the parish jail and submit to treatment by a mental health professional.
For the foregoing reasons, the sentence imposed is reversed and vacated. The case is remanded to the trial court for resentencing in accordance with the views expressed herein.
REVERSED AND REMANDED.