HALL, Chief Judge.
Defendant, Troy A. Hudnall, was charged by bill of information with the crime of theft of livestock in violation of LSA-R.S. 14:67.1. The defendant pled nolo contendere to the charge, reserving the right as authorized by State v. Crosby, 338 So.2d 584 (La.1976) to appeal the trial court’s denial of a motion to quash. The trial court sentenced the defendant to a term of imprisonment of two years at hard labor and a fine of $250.00. The court suspended imposition of the term of imprisonment and placed the defendant on supervised probation.
On appeal, defendant contends that the trial court erred in denying his motion to quash which was grounded on the basis that LSA-R.S. 14:67.1 does not provide a definition of “domesticated deer” and is therefore unconstitutionally vague and overbroad. The defendant also contends that the trial court erred in imposing an unconstitutionally excessive sentence. Finding no error, the conviction and sentence are affirmed.
FACTS
Sometime between sunset on November 27,-1984 and sunrise the next morning the defendant and another person, Randy W. Duck, killed and removed a deer which Richard Reeves of Claiborne Parish had kept in a pen behind his residence as a pet for approximately ten years. Several days after the deer was found missing from the Reeves’ residence, the defendant’s mother took the deer head to a taxidermy shop and stated that she wanted Troy Hudnall’s name put on the mount of the deer head and also wanted the tag to read “killed 11-27-84, first deer.” On December 13, 1984 the defendant was arrested by officers of the Louisiana Department of Wildlife and Fisheries and gave a written statement admitting his involvement in the present offense.
ASSIGNMENT OF ERROR NUMBER 1— MOTION TO QUASH
By this assignment, the defendant contends that the trial court erred in denying his motion to quash which was grounded on the basis that LSA-R.S. 14:67.1 is unconstitutionally vague and overbroad as it pertains to “domesticated deer.”
Defendant contends that “domesticated deer” as set forth in subsection B of LSA-R.S. 14:67.1 is vague and ambiguous such that persons of ordinary intelligence cannot determine what conduct is criminal under the statute. Specifically, defendant contends that one cannot determine, under the Criminal Code, when a wild animal belonging to no one becomes susceptible to private ownership and susceptible to theft. In support of defendant’s argument defendant points out that the Louisiana Civil Code has set forth a scheme of distinguishing between wild animals, tamed wild animals, and domestic animals under LSA-C.C. Arts. 3413-3417; however, the Louisiana Criminal Code fails to set forth such a scheme which would put persons on notice of when a wild animal becomes subject to private ownership.
The crime of theft of livestock is set forth in LSA-R.S. 14:67.1 which provides in pertinent part:
A. Theft of livestock is the misappropriation or taking of livestock belonging to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of the livestock is essential. It shall not be necessary to prove defendants killed the animal; the mere taking of meat from the animal shall constitute theft hereunder. Transportation of livestock to a slaughterhouse or an auction sale barn and assignment in a record book in a name other than that of the owner shall also be theft of livestock. An intent to deprive the owner permanently of funds derived from sale is essential.
B. “Livestock” means any animal, hybrid, mixture, or mutation of the species *936 of horses, mules, donkeys, asses, cattle, swine, sheep, goats, domesticated deer, buffalo, bison, beefalo, or oxen. (Emphasis added)
The due process clauses of the United States Constitution and the Louisiana Constitution of 1974 require that a penal statute define a criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited. U.S.Const.Amend. 14; LSA Const. Art. 1, § 2; Kolender v. Lawson, 461 U.S. 352, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983); Papaschristou v. City of Jacksonville, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972); State v. Dousay, 378 So.2d 414 (La.1979); State v. Lindsey, 310 So.2d 89 (La.1975). Similarly, the Sixth Amendment to the United States Constitution and LSA Const. Art. 1, § 13 require that an accused person be informed of the nature and cause of the accusation against him. In sum, the state and federal constitutions require that a criminal enactment first give individual citizens adequate notice of what conduct is criminal and secondly require that accused persons be informed of the “nature and cause” of an offense charged.
Every statute is presumed constitutional, and the burden of clearly establishing its unconstitutionality rests upon the party attacking it. State v. Skinner, 358 So.2d 280 (La.1978); State v. Robertson, 464 So.2d 760 (La.App. 1st Cir.1984). A statute should be given a genuine construction in accordance with a fair import of the words taken in their usual sense in connection with the context. State v. Heck, 307 So.2d 332 (La.1975). A detailed specification of the various ways in which the crime can be committed is not required to sustain the constitutionality of a penal statute; it suffices that the phraseology has a well known or commonly understood meaning. State v. Dousay, supra. State v. Gisclair, 363 So.2d 696 (La.1978).
The term “domesticated deer” as used in subsection B of LSA-R.S. 14:67.1 is not vague, overbroad, or ambiguous. A penal statute need only define a criminal offense with sufficient definiteness that persons of ordinary intelligence may understand what act is criminal and accused persons are on notice of the nature and cause of the offense charged.
LSA-R.S. 14:67.1 prohibits the taking of livestock belonging to another without consent. Under LSA-C.C. Arts. 3415 and 3416 wild animals in enclosures and tamed wild animals are privately owned. A domesticated deer constitutes “livestock” under the statute. The word “domesticate” has been defined as “to adapt to life in intimate association with or to the advantage of man,” Webster’s Seventh New Collegiate Dictionary, (1971), and to “tame,” The Random House Dictionary, (1966). A person of ordinary intelligence would understand that a “domesticated deer” includes a tamed deer raised as a pet in a pen behind someone’s home, such as in the present case.
This assignment of error is without merit.
ASSIGNMENT OF ERROR NUMBER 2
By this assignment, defendant contends that the trial court erred in imposing an unconstitutionally excessive sentence. Under LSA-R.S. 14:67.1 C, whoever commits the crime of theft of livestock may be fined not more than $5,000.00 and/or imprisoned with or without hard labor for not more than ten years. In the present case, the court sentenced the defendant to a term of imprisonment of two years at hard labor and a fine of $250.00. The court suspended imposition of the term of imprisonment and placed the defendant on supervised probation subject to the following conditions: (1) that he serve thirty days in the parish jail, to be served on consecutive weekends and holidays; (2) that he attend a full time educational institution or be gainfully employed; and (3) that for a period of one year the defendant shall observe a 9:00 p.m. curfew on Monday through Thursday and an 11:00 p.m. curfew on Friday and Saturday.
The defendant contends that the sentence imposed is unconstitutionally excessive in light of the Supreme Court’s deci *937 sion in State v. Clark, 391 So.2d 1174, in which the Supreme Court found a sentence of 30 months at hard labor for theft of livestock to be excessive.
A sentence is unconstitutionally excessive in violation of LSA Const. Art. 1, § 20 where it is grossly out of proportion to the severity of the offense or nothing more than a needless and purposeless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Burgess, 475 So.2d 35 (La.App. 2d Cir.1985). The trial court is afforded wide discretion in imposing a sentence within the statutory limit and such a sentence will not be set aside as excessive in the absence of a manifest abuse of discretion by the sentencing judge. State v. Square, 433 So.2d 104 (La.1983).
The record reflects that the trial court followed the sentencing guidelines of LSA-C.Cr.P. Art. 894.1 in sentencing the defendant. Specifically, the court found that the defendant did not act under provocation when he and Randy Duck broke down a fence behind the Reeve’s residence and stole and killed a tamed, domesticated deer. The court found no grounds tending to excuse or justify the defendant’s conduct. However, the court found that the defendant had led a law abiding life prior to commission of the present offense and defendant’s character and attitude was such that it is unlikely that he would commit another such crime in the future. The court found that the defendant is particularly likely to respond affirmatively to probationary treatment. The court did find, however, that a sentence not involving imprisonment would deprecate or lessen the seriousness of the crime committed by the defendant. Therefore, as a condition of probation, as authorized by LSA-C.Cr.P. Art. 895 B, the court ordered the defendant to serve thirty days in the parish jail to be served on consecutive weekends and holidays along with other special conditions of probation previously stated.
The Supreme Court’s decision in State v. Clark, supra, is readily distinguishable from the present case. The defendant in that case received a sentence of 30 months at hard labor without probation. The Supreme Court reversed the conviction on the basis that the trial court failed to adequately consider a probationary sentence. In the present case, the defendant did receive probation and received a relatively short sentence of imprisonment as a condition of probation.
The record reflects that the trial court complied with Art. 894.1 in particularizing its reasons for the sentence imposed. The sentence imposed is not out of proportion to the severity of the offense, nor is it a needless imposition of pain and suffering. We find no abuse of the trial court’s sentencing discretion.
This assignment of error is without merit.
DECREE
For the reasons assigned, the defendant’s conviction and sentence are affirmed.
AFFIRMED.