# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 14-509

**STATE IN THE INTEREST OF**

**D.J.**

**********

APPEAL FROM THE
LAFAYETTE CITY COURT
PARISH OF LAFAYETTE, NO. 2013 JC 284
HONORABLE RONALD D. COX, CITY COURT JUDGE

**********

## SHANNON J. GREMILLION
## JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and Shannon J. Gremillion, Judges.

**ADJUDICATION AND DISPOSITION VACATED.**

**Michael Harson**
**District Attorney, Fifteenth Judicial District Court**
**Sonia Gupta**
**Assistant District Attorney, Fifteenth Judicial District Court**
**P.O. Box 3306**
**Lafayette, LA 70502-3306**
**(337) 262-8624**
**COUNSEL FOR APPELLEE:**
    State of Louisiana

**Jane Hogan**
**Fifteenth Judicial District Public Defender's Office**
**P.O. Box 3622**
**Lafayette, LA 70502**
**(337) 232-9345**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**D.J.**

**GREMILLION, Judge.**

D.J. was adjudicated delinquent for disturbing the peace by publicly engaging in a fistic encounter with another student at his school in February 2013, a violation of La.R.S. 14:103(A)(1).[1] The juvenile court ordered that D.J. be placed in the custody of the Department of Corrections, Division of Juvenile Justice, for ninety days. The commitment was suspended, and D.J. was placed on six months active, supervised probation. D.J. now appeals and contends that the juvenile court erred by adjudicating him guilty of disturbing the peace despite insufficient evidence. We find that the evidence is insufficient to support D.J.'s adjudication and vacate his disposition.

## SUFFICIENCY OF THE EVIDENCE

D.J. contends that the testimony of the State's sole witness was not sufficient to sustain an adjudication of guilty. We agree.

In *State In Interest of T.W.*, 09-532, p. 2 (La.App. 3 Cir. 10/7/09), 21 So.3d 465, 467-68, this court discussed the standard of review in juvenile matters as follows:

> In a juvenile proceeding, the state's burden of proof is the same as in a criminal proceeding against an adult-to prove beyond a reasonable doubt every element of the offense alleged in the petition. La. Ch.Code art. 883; *In Re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). "In reviewing the sufficiency of the evidence to support a conviction, an appellate court in Louisiana is controlled by the standard enunciated by the United States Supreme Court in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). . . . [T]he appellate court must determine that the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime had been proved beyond a

---

[1] The juvenile's initials are used in accordance with Uniform Rules—Courts of Appeal, Rule 5-2.

reasonable doubt." *State v. Captville*, 448 So.2d 676, 678 (La.1984).

*State in the interest of D.P.B.*, 02-1742, pp. 4-5 (La.5/20/03), 846 So.2d 753, 756. "[A]ppellate review in juvenile delinquency proceedings extends to both law and facts." *State in the interest of L.T.*, 99-487, p. 6 (La.App. 3 Cir. 10/13/99), 747 So.2d 148, 152.

> In order to reverse a fact finder's determination of fact, an appellate court must review the record in its entirety and (1) find that a reasonable factual basis does not exist for the finding, and if such a basis does exist, (2) further determine that the record establishes that the fact finder is clearly wrong or manifestly erroneous. *See Stobart v. State, through DOTD*, 617 So.2d 880 (La.1993). If there are two permissible views of the evidence, the fact finder's choice between them cannot be manifestly erroneous or clearly wrong. *Id.* However, where documents or objective evidence so contradict a witness's story, or the story itself is so internally inconsistent or implausible on its face, that a reasonable fact finder would not credit the witness's story, the appellate court may find manifest error or clear wrongness even in a finding purportedly based upon a credibility determination. *Id.*

*State in the interest of D.H.*, 04-2105, pp. 7-8 (La.App. 1 Cir. 2/11/05), 906 So.2d 554, 560.

In *State v. Heck*, 307 So.2d 332, 334 (La.1975), the supreme court stated, "The phrase 'engaging in a fistic encounter' also appears to be reasonably clear. Taking the words in their usual sense, the phrase means engaging in a fistfight." The supreme court further stated that La.R.S. 14:103 "proscribes only those fistic encounters, or fistfights, that foreseeably disturb or alarm the public." *Id.*

Corporal Dennis Labure testified that he was an off-duty police officer working security at a school on February 28, 2013.[2] He was notified via campus radio about a disturbance. Upon his arrival at the location of the disturbance, Labure saw "[D.J.] and another subject being held back by the other students in

---

[2]Labure never gave the name of the school.

between classes. [D.J.] was yelling with his shirt off at the other subject." Labure testified that twenty-five students were present, and it took several students to hold "him" back. When asked about D.J.'s demeanor at the scene, Labure testified that he was aggressive and yelling at the other subject. He further indicated that D.J. was tense and being held back by other students, whom he was struggling against. Labure subsequently placed D.J. in handcuffs and escorted him and the other student involved to the Assistant Principal's office, where they were placed under arrest. At that time, the Assistant Principal questioned D.J. and the other subject. Labure testified that D.J. stated "he was involved in a physical altercation with the other subject." Labure was asked, "did you believe that [D.J.] had been fighting with the other child" and Labure replied, "[y]es." On cross-examination, Labure testified that he did not see D.J. engaged in a fistic encounter. Labure did not obtain written statements from anyone present on the date in question, and no other witnesses were called to testify.

D.J. contends that neither his behavior nor his statement in the Assistant Principal's office proved beyond a reasonable doubt that he engaged in a fistic encounter. Additionally, D.J. argues that Labure's opinion that D.J. was involved in a fight did not prove beyond a reasonable doubt that he was involved in a fistic encounter. The State contends that it met its burden of proof because D.J. admitted that he had been involved in a physical altercation. The State further argues that Labure's testimony regarding his observations and D.J.'s statement were weighed by the trial court and determined to be credible.

We find that the State did not prove the elements of the offense beyond a reasonable doubt. The State failed to set forth any evidence of a "fistic encounter," instead relying on hearsay testimony of the officer who arrived on the scene after

3

the event took place. Labure did not witness D.J. engaged in a fist fight nor did D.J. elaborate as to the details of the "physical altercation." There simply was no evidence of a fistic encounter beyond the hearsay testimony of Corporal Labure. Of the many alleged witnesses to the encounter, none were called to testify. Accordingly, D.J.'s adjudication and disposition are vacated.

## DECREE

D.J.'s adjudication and disposition for publicly engaging in a fistic encounter, a violation of La.R.S. 14:103, is hereby vacated.

**ADJUDICATION AND DISPOSITION VACATED**.